STATE, EX REL. J. W. HANDLEY, v. F. T. PEARSE.

[FILED MARCH 17, 1891.]

1. **Liquors**: LICENSE: REMONSTRANCE: DEFAULT. On April 20, 1890, application was made to the trustees of the village of Diller for a license to one C. to sell intoxicating drinks. On the 30th of the same month a remonstrance, signed by a number of persons, against the issuing of license, was filed with the trustees. The trustees thereupon set May 10, 1890, at 8:30 P. M., for the hearing of the remonstrance. At the time set the parties appeared, but no proof was offered to sustain the remonstrance. Thereupon the trustees overruled the same and issued the license. *Held*, That so far as the record disclosed, the trustees had acted in good faith and will not be ordered to cancel the license.

2. ———: ———: ———: BONA FIDES. About 5 P. M., of the day set for the hearing of the first remonstrance, the relator and others filed a second remonstrance in which they alleged that the applicant was not a man of good character and standing, etc. *Held*, That the proof was of so conflicting a character as to leave the matter in doubt whether or not the second remonstrance was filed in good faith, and if so, what, if any, proof was offered to sustain the charge.

ORIGINAL application for *mandamus*.

*E. O. Kretsinger*, for relator, cited; *Vanderlip v. Derby*, 19 Neb., 165; *State v. Weber*, 20 Id., 467; *Steinkross v. Hurlbert*, Id., 519; *State v. Hanlon*, 24 Id., 608; *Pelton v. Drummond*, 21 Id., 492; *Lambert v. Stephens*, 29 Id., 283.

*Robert Ryan, contra,* cited : *Williams v. Lowe,* 4 Neb., 396; *Fritz v. Grosnicklaus,* 20 Id., 417 ; *Mulhollan v. Scroggin,* 8 Id., 204 ; *Dorrington v. Meyer,* 8 Id., 211 ; *Hale v. Bender,* 13 Id., 67; *Spencer v. Thistle,* Id., 227.

MAXWELL, J.

This is an application for a *mandamus* to compel Frank T. Pearse, C. W. Pearse, D. R. Kelley, G. B. Zook, Isaac Tonnamaker, and F. M. Emerson, trustees of the village of Diller, to reassemble and cancel a license to sell intoxicating drinks, issued to Mates Cerving, and to hear a remonstrance against the issuing of said license to said Cerving. Issues have been joined and a very large amount of testimony taken in the case.

It appears from the record that on or about April 20, 1890, Mates Cerving filed with the village board of Diller a petition, duly signed by the requisite number of persons, purporting to be free holders, to obtain a license for the sale of intoxicating liquors. On April 30, 1890, the relator with others filed a remonstrance against the issuance of such license as follows :

"DILLER, NEB., April 20, 1890.

"*To the Honorable Board of Trustees of the Village of Diller, Nebraska:*

" We, the undersigned, citizens of Diller and vicinity, do hereby remonstrate against the issuance of a license to sell malt, spirituous, and vinous liquors to Mates Cerving, as prayed for in a certain petition now on file with the clerk of said village of Diller, for the following reasons : 1st. Said petition is not signed by a majority of the freeholders of said village of Diller. 2nd. The notice of said petition has not been published in the newspaper of Jefferson county having the largest circulation, as is required by law. 3d. Insufficiency of bonds."

This was signed by the relator and others.

The board thereupon adjourned until May 10, 1890, at 8:30 P. M., to hear this remonstrance.

At the time set for the hearing of the remonstrance no attempt was made to sustain it by proof, and the evidence on behalf of the board tends to show that the objections were not well taken.

About 5 P. M., on the 10th day of May, 1890, the relator filed with the clerk a second remonstrance, in which he alleges that Mates Cerving was not a man of respectable character and standing.

It is contended on behalf of the relator that his attorney attempted to offer proof in support of the second remonstrance, but that the board refused to receive it or to hear his attorney, and thereupon proceeded to issue the license. The record of the board on this point is as follows:

"DILLER, NEB., May 10, 1890.

"An adjourned meeting of the village board of trustees of the village of Diller, called for the purpose of considering and taking action upon a saloon petition of Mates Cerving, to sell malt, spirituous, and vinous liquors at retail, in the village of Diller, Neb., and to consider a remonstrance against the same. Full board present, consisting of F. T. Pearse, G. B. Zook, I. J. Tonnamaker, F. H. Emerson, and D. R. Kelley. Minutes of the last meeting read and approved. Moved and seconded that whereas no proof being offered in support of the remonstrance by the contestants, it is hereby considered and adjudged that said remonstrance be and the same is hereby overruled and laid on the table.

"The following is the vote recorded:

"G. B. Zook,          Aye.
"I. J. Tonnamaker,    "
"T. H. Emerson,       "
"D. R. Kelley,        "

"Carried.

"Moved and seconded that the petition of Mates Cerving, asking for a saloon license, be granted, and that the clerk be authorized to issue the petitioner a license as prayed for, upon the presentation of the treasurer's receipt showing that the said petitioner has paid into the village treasury of Diller the sum of $700 and upon the approval of said petitioner's bond. .

"Following is the vote:

"G. B. Zook,        Aye.

"I. J. Tonnamaker,   "

"F. H. Emerson,      "

"D. R. Kelley,       "

"Carried.

"Moved and seconded that we approve the bond as presented by said petitioner.

"G. B. Zook,        Aye.

"I. J. Tonnamaker,   "

"F. H. Emerson,      "

"D. R. Kelley,       "

"Carried."

The testimony leaves the matter in doubt whether or not the second remonstrance was filed in good faith. The village board seems to have given the remonstrants every reasonable opportunity to present their remonstrance, and the proof thereunder, and so far as we can judge did their duty in the premises. The law authorizes the granting of license to certain persons on certain specified terms and conditions, and when those terms and conditions are complied with, the board may, if it see fit, grant a license.

It cannot grant it, however, except to a suitable person, upon the presentation of a petition duly signed by the requisite number of freeholders, the payment of the license money, and the execution of a bond with sureties, as required by law.

Even then the board has a discretion whether to issue the license or not, and it cannot be compelled by *mandamus* to issue a license.

If the people of the village of Diller, or any other village or city in the state, are opposed to the granting of license, all that is necessary is to elect a license board opposed to the issuing of the same, and who will not issue license.

Each community thus has control of the matter of issuing licenses. In other words, each village, county, or city of the state has an option whether it will issue license or refuse to do so.

When, however, a license board has, after a fair opportunity to those opposed thereto to remonstrate against the issuing of the same, issued a license, its action in the premises is entitled to respectful consideration. Upon the whole case, the right of the relator to the relief demanded is far from clear, and the writ must be denied. The action is therefore

DISMISSED.

THE other judges concur.