## M. J. WAUGH V. F. A. GRAHAM ET AL.

FILED FEBRUARY 18, 1896.   No. 7981.

1. **Intoxicating Liquors:** DECISION ON APPLICATION FOR LICENSE: APPEAL: EVIDENCE. In an appeal from the action of a body authorized to hear and decide applications for license to sell intoxicating liquors, in order to properly present any evidence which may have been introduced at the original hearing, to the appellate court, it must be reduced to writing, filed in the office of application, and transmitted to the appellate court.

2. ———: PETITION FOR LICENSE: DESCRIPTION OF PREMISES. A petition filed in an application for license to sell intoxicating liquors should contain such a description of the premises where it is proposed to conduct the business as indicates the exact location, and if it does this it is sufficient.

3. ———: ———: REMONSTRANCES: APPEAL. Persons remonstrating against the issuance of a liquor license should make and present the objections they desire to urge to the body authorized by law to pass upon applications for such licenses. Ordinarily, questions not raised before the original tribunal need not, or will not, be considered in the appellate court.

4. ———: EXCISE BOARD. The authority to pass upon applications for liquor licenses vests in the body upon which it is by law conferred a discretionary power. Its action is judicial and not merely ministerial.

5. ———: APPEAL FROM DECISION OF EXCISE BOARD: REVIEW. Where questions of fact have been determined by the body authorized to pass upon applications for licenses to sell intoxicating liquors, and also by the district court, to which an appeal has been taken from the decision of the licensing body, and the findings or conclusions agree, they will not be disturbed in error proceedings to this court, unless manifestly wrong.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.

The issues appear in the opinion.

*A. G. Greenlee,* for plaintiff in error:

The application praying for a license at 229 M street did not give the excise board or the court jurisdiction to grant a license to open a saloon at 229 South Thirteenth street. (*State v. Weber,* 20 Neb., 467; *Dexter v. Town Council,* 21 Atl. Rep. [R. I.], 347; *Commonwealth v. Bearce,* 23 N. E. Rep. [Mass.], 99.)

The excise board and the court erred in granting a license upon the petition, for the reason that it does not comply with the rule of the excise board requiring that it shall contain the certificate of the register of deeds that the signers of the petition are residents and freeholders of the ward in which sales under such license are to take place, there being no other proof that the signers were such as are authorized by the statutes to request such license. (*State v. Hill,* 19 Atl. Rep. [N. J.], 789.)

The court erred in its finding that the matter of granting saloon licenses is wholly in the discretion of the excise board, and unless it appears affirmatively from the evidence that the granting of the license was an abuse of such discretion, the order of the board should not be disturbed, and in thus refusing the exercise of the court's own judgment upon the application. (*Livingston v. Corey,* 33 Neb., 372; *State v. Bonsfield,* 24 Neb., 517; *Pleuler v. State,* 11 Neb., 547; *State v. Hanlon,* 24 Neb., 608.)

Reference is also made to the following cases: *State v. Barton,* 27 Neb., 481; *State v. Village of Elwood,* 37 Neb., 473; *Foley v. State,* 42 Neb., 233.

*L. W. Billingsley* and *R. J. Greene, contra.*

References: *Brown v. Lutz,* 36 Neb., 532; *Lambert v. Stevens,* 29 Neb., 283; *Lydick v. Korner,* 13 Neb., 10; *Powell v. Egan,* 42 Neb., 482.

HARRISON, J.

A. L. Hoover of defendants applied to the excise board of the city of Lincoln for license to sell liquors,—as was stated in the petition of the applicant,—"at No. 229 M street, in said city, situated on lot 12, block 66, city." To this application remonstrances were filed, and after a hearing the excise board granted a license to A. L. Hoover to sell intoxicating liquors at 229 South Thirteenth street, from which action an appeal was taken to the district court of Lancaster county, which court, after a hearing, dismissed the appeal. Plaintiffs in error have presented the case to this court by proceedings in error.

We will first notice the condition of the record presented here, and as before the district court. If considered upon the merits in the district court, it must have been upon the testimony introduced at the hearing before the excise board, and upon this alone. (*State v. Bonsfield,* 24 Neb., 517.) In order to properly bring such evidence before the district court it was necessary that it be reduced to writing and filed in the office of application and transmitted to the district court to which an appeal was taken. (Compiled Statutes, ch. 50, sec. 4.) It was said by MAXWELL, J., in *Lydick v. Korner,* 13 Neb., 10: "The testimony taken before the city council must be reduced to writing, and should be certified by the presiding officer as all the testi-

mony taken, as the statute seems to require the judge of the district court to decide the case upon such evidence alone." And in the opinion in *Powell v. Egan,* written by Irvine, C., 42 Neb., 483, it was stated, after quoting the section to which reference has been made: "The statute therefore requires the certification of the evidence to the district court." There was a finding on this question by the judge before whom it was tried in the district court, which was as follows: "That the purported evidence taken before said board upon the hearing of plaintiff's remonstrance, and filed herein, was never filed with the city clerk or the excise board, as provided in section 4, chapter 50, of the Statutes of 1881, and that the same is not certified by the said clerk or presiding officer of the said board, as required by law, and was not transmitted by said clerk or any officer of said board to this court, and is not, therefore, properly or sufficiently authenticated as the testimony taken upon said hearing." This, we think, was correct, and the rule announced a true one.

It is contended for plaintiff in error that the application for a license to sell intoxicating liquors at 229 M street did not give the excise board jurisdiction to grant a license to open and conduct a saloon at 229 South Thirteenth street. To thoroughly understand the question here raised it will be necessary to refer to the description of the location of the prospective saloon, contained in the several papers filed as required in the proceedings preliminary to the issuance of the license. In the petition of the applicant it was set forth as "at No. 229 M street, in said city [referring to Lincoln], situated on lot 12, block 66, city." In the published notice of the application

it was stated to be "in building situated at 229 South Thirteenth street, on lot 12, block 66, fronting on Thirteenth street in said city." Counsel for plaintiff in error contends that the excise board could not, upon a petition for license to run a saloon at 229 M street, issue it for one to be conducted at 229 South Thirteenth street; that the places so designated are in different wards of the city; that the petition fixed the location of the proposed saloon in the Second ward of the city, and the license as issued was for a location in the Fourth ward.  The section of our statute governing in the particular involved states that the petition for a license shall be sufficient if signed by thirty of the resident freeholders of the ward where the sale of the liquors is to take place.  We agree with counsel that this implies that the location of the saloon business for which license is sought shall be stated or described more or less accurately in the application for the license.  Of a set of rules adopted by the excise board in regard to the license and regulation of the sale of intoxicating liquors within the city of Lincoln was one which required quite a definite and specific description of the location of any proposed saloon to be given in the application for the license therefor.  A petition filed in an application for a license to sell intoxicating liquors should comply with the requirements of the law, and include all things which the law prescribes shall appear therein, but it will not be construed in accordance with strict rules.  Its substance or import will be mainly considered in determining whether it is sufficient.  Mere informalities will not be regarded.  The description of the premises where it is proposed to conduct the business is

sufficient, if so reasonably full and certain as to indicate the exact location. (Black, Intoxicating Liquors, sec. 156, p. 198, and cases cited.) In the matter under consideration the petition described the location of the proposed business as on lot 12, block 66, of the city. The notice described the same lot and block and gave the same number, and, dropping the "M" designating the street, substituted in its stead the words, "South Thirteenth." The remonstrators, some of them, in their objections filed with the board, remonstrated against "the granting of a license for a saloon on lot 12, block 66," and others, stating that they were freeholders, owners of property in block 66 of Lincoln, remonstrated against the issuance of a license for a saloon to be operated on any lot in above block, from which it is very evident that all persons interested knew from the portion of the description lot 12, block 66, just exactly where the saloon for the opening and operating of which the petition asked a license was to be located, and it does not appear that any one was in any manner or to any extent misled in regard thereto. This being true, the description served the purpose for which it was intended and fulfilled the intention and requirements of the law in respect to it.

Another contention of counsel for plaintiff in error is that the statute requires the application or petition for liquor license must be signed by thirty of the resident freeholders of the ward in which it is expected to conduct the business; and further, that by one of the rules of the excise board it was enacted: "Before the petition or bond, as provided in rule three hereof, shall be filed with the clerk, the applicant shall be re-

quired to procure a certificate of the register of deeds of the county of Lancaster, to be indorsed on said petition, certifying that each of the persons signing the same is a resident and freeholder within the ward where the sale of such liquors is to take place;" that the certificate of the clerk which was indorsed upon the petition merely stated that the signers were freeholders within the Fourth ward and did not state that they were residents; that this was not enough and the board did not acquire jurisdiction to entertain and hear the application, or to issue a license. This question was not raised by the remonstrances against the issuance of the license filed with the excise board. Fairness to all parties would seem to demand that objections to granting a license should be made before the body to which the application is presented, in the first trial tribunal. If not made there, they need or will not be considered in the appellate court. (*Livingston v. Corey,* 33 Neb., 366.)

The judge of the district court, after reaching and announcing the conclusion that the testimony taken at the hearing before the excise board was not authenticated or transmitted to the district court as required by law, and need not be made the subject of inquiry, examined and considered it and passed upon its weight and sufficiency. In one of its findings it was stated by the court that the granting of a saloon license was a matter resting in the discretion of the excise board, governed and controlled by the various provisions of law in relation to the issuance of such licenses, and unless it affirmatively appeared from the evidence that its granting a license for conducting a saloon business at any assigned location was an abuse of

the discretionary power of the board, its order to that effect would not be disturbed. It is urged by counsel for plaintiff in error that the court, by this finding, in effect refused to pass upon this application on its merits, refused to give its judgment as to whether or not a license should be issued, or refused to give the remonstrators a hearing upon the evidence or examine it for the purpose of determining whether a license ought to issue. We do not think the language of the court, when read and considered in connection with the other findings, can fairly be construed to have the meaning stated by counsel. After holding that the testimony introduced before the excise board was not authenticated as provided by law and not properly before the court, it is further said in the findings and decision: "But the court, having fully examined the evidence filed by plaintiff's counsel herein, and heard arguments thereon, finds," and here follow statements from which it clearly appears that all the evidence given before the excise board was considered by the court; that it in effect tried the matter on the same testimony, heard it upon its merits, and made a finding on each of the contested questions, and in each instance reached the same conclusion as did the board. A careful perusal of the whole of the findings and judgment of the court convinces us that the evident meaning of the language used, to which the objection applies, or intended to be conveyed by the court, was that in the matter of the hearing on the application for a liquor license the excise board did not act ministerially, but judicially, and after listening to the evidence, exercised their discretion or judgment in determining whether, in view of all the facts

and circumstances, a license should be granted or refused, and that if the appellate or district court, after scanning all the same testimony, reached a different conclusion on any vital point involved, the decision of the excise board must be reversed as a wrong exercise of the right to decide, of the discretion vested in it, or if the court's conclusions agreed with those of the board, its judgment must also agree. It is clear that the licensing body is vested with discretionary power; that its action is judicial and not merely ministerial. "In far the greater number of states the doctrine is now well settled that the court or board charged with the duty of issuing licenses is vested with a sound judicial discretion, to be exercised in view of all the facts and circumstances in each particular case as to granting or refusing the license applied for. The principle is that the licensing authorities act judicially, and not merely in a ministerial capacity. In determining the nature as well as the existence of this discretion much will depend upon the language of the local statute, and this, of course, should be carefully scrutinized; but the general disposition, under all the diverse forms of statutory provisions, is to leave a wide margin of discretion to the court or board hearing the application." (Black, Intoxicating Liquors, sec. 170, p. 211; *State v. Cass County*, 12 Neb., 54.)

It is further urged that the findings and order of the excise board were not supported by the evidence. The testimony was listened to and passed upon by the excise board, and was again investigated and the questions raised decided by the district court. We have carefully studied it and cannot say that the conclusions of the board and of the district court in respect to the points

involved were manifestly wrong; hence they will not be disturbed. The judgment of the district court is

AFFIRMED.