IN RE APPLICATION OF A. JORGENSEN FOR A LIQUOR LICENSE.

FILED JANUARY 3, 1906.   No. 13,742.

1. **Intoxicating Liquors: LICENSE.** The board of fire and police com-missioners of a city of the metropolitan class may, for good rea-son, in the exercise of a sound discretion, refuse to grant a license to sell malt, spirituous and vinous liquors, even though no protest or objection by others be interposed against the grant-ing of the license applied for.

2. ————: ————. An applicant had complied with all the require-ments of the statute and ordinances relating to the subject, and no protest or remonstrance had been made against the granting of his application, but the board of fire and police commissioners refused to grant it, for reasons expressed in a resolution spread upon the record as follows: "Resolved, that the application of A. Jorgensen for a license at number 124 North Tenth street, Omaha, be, and the same hereby is, denied and refused, for the reason that there are now four or five saloons in operation within a block of the said place, and that the public interests require that no new or additional saloons be allowed at said place. Ap-plications for a saloon license at said place have twice been re-fused to different parties in the past two years, for the same reason." Upon appeal to the district court the decision of the board was approved and affirmed. *Held*, upon the record as presented, that no error was committed by the ruling complained of.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Cooper & Dunn,* for plaintiff in error.

*F. A. Brogan* and *W. D. McHugh, amici curiæ.*

HOLCOMB, C. J.

The plaintiff in error complains of the judgment of the district court affirming an order of the board of fire and police commissoners refusing his application for a license to sell malt, spirituous and vinous liquors in the city of Omaha. The alleged error complained of in its last analysis relates to the action of the board in deny-ing the plaintiff a license on the application presented to that body. From the record before us, it is made to

29

appear that the applicant presented to the board for its consideration with his petition evidence showing that he had complied with the law and ordinances of the city, and that no objection existed as to the form or manner of presenting his said application. There was no protest or remonstrance to the granting of the licenses from any outside source. The record recites: "At a regular session of the board of fire and police commissioners of the city of Omaha, held on the 8th day of January, 1904, the following, among other proceedings, were had: 'In the matter of the application of A. Jorgensen for a saloon license, for the year 1904, at 124 North Tenth street, in the city of Omaha. Resolved, that the application of A. Jorgensen for a license at 124 North Tenth street, Omaha, be, and the same hereby is, denied and refused, for the reason that there are now four or five saloons in operation within a block of said place, and that the public interests require that no new or additional saloons be allowed at said place. Applications for a saloon license at said place have twice been refused to different parties in the past two years, for the same reason.' The motion was duly seconded and carried unanimously." On this record did the district court err in affirming the action of the licensing board and dismissing the application? But two questions are presented for consideration. The first is: Had the board discretion to refuse a license, for good reasons, where no objection or protest was interposed to the granting of the license? Second: Did the board act arbitrarily and upon insufficient ground in refusing the application for the reasons stated?

1. The holdings generally, as we interpret them, are to the effect that the licensing authorities exercise a sound discretion in granting or refusing an application, and from the order made an appeal lies to the district court, which is empowered to pass judicially on the question of the applicant's right to the license applied for. The fact that there is no protest against the issuance of the license does not deprive the board of the right to

exercise the discretion vested in them by law, nor are they lacking in this authority because the power to regulate or prohibit the traffic rests with the mayor and the city council.  The question is, we think, set at rest by the utterances of this court in *Waugh v. Graham*, 47 Neb. 153, 161, where it is said:

"It is clear that the licensing body is vested with discretionary power; that its action is judicial and not merely ministerial.  'In far the greater number of states the doctrine is now well settled that the court or board charged with the duty of issuing licenses is vested with a sound judicial discretion to be exercised in view of all the facts and circumstances in each particular case, as to granting or refusing the license applied for.  The principle is that the licensing authorities act judicially, and not merely in a ministerial capacity.  In determining the nature as well as the existence of this discretion much will depend upon the language of the local statute, and this, of course, should be carefully scrutinized; but the general disposition, under all the diverse forms of statutory provisions, is to leave a wide margin of discretion to the court or board hearing the application.'  Black, Intoxicating Liquors, sec. 170; *State v. Cass County*, 12 Neb. 54."

To the same effect are *State v. Pearse*, 31 Neb. 562, and *State v. City of Alliance*, 65 Neb. 524.  In the latter case, it was held that the licensing board possessed no arbitrary power in the matter of refusing a license, and that there must be some sufficient reason as a basis of its action, before the action taken could be justified. This, we think, in the very nature of the case must be true.  The right to grant or refuse a license is not to be treated as an official perquisite of the board, to be given or withheld at mere pleasure, for whimsical reasons, or through favoritism or for any other like purpose.  The board acts under the law, and it is the law, and not the men charged with the duty of its administration, that must govern and control.  The fundamental basis of all

law, equality and impartiality, must be applied here as in all other matters arising in the administration of the law.

2. Can it be said that the board's position in refusing the license in the case at bar is untenable, and that it acted arbitrarily in respect of the matter, for the reasons stated? We are unable to say from the record that such is the case. The presumption ought to be indulged in that the action was taken in good faith and from right motives, and with the view of best conserving public interests. We are not warranted in drawing other inferences from the record before us. The rule adopted appears to operate on all alike. Its object is to limit the number of saloons in a certain locality. This is a matter that must be left to the wise and sound discretion of the board, if there be any limit placed on the number or saloons in any particular locality. That such a limit is required in the interests of law and order, and their due and orderly enforcement, must, we think, be accepted upon the mere statement of the proposition. There are places in every city wherein the number of saloons should be restricted. Many reasons for such restrictions readily suggest themselves and we need not, it would seem, enter into a discussion of any of them. This right of limitation as to numbers was distinctly recognized in *State v. City of Alliance, supra.* The guarding of the public interests requiring, as it may, a limitation in respect of the number of saloons in certain localities, and the conservation of these interests being confided to the body authorized to grant the license, and it having been determined that such a limitation should be enforced in respect of the application under consideration, we cannot say that the board did not exercise a wise and sound discretion in refusing the license on that ground, nor that the district court erred in affirming such action and dismissing the application of the plaintiff in error.

The judgment is accordingly

AFFIRMED.