237 P.2d 1067

**GARTLAND v. TALBOTT et al.**

No. 7804.

Supreme Court of Idaho.

Nov. 20, 1951.

Wynne M. Blake, Pros. Atty., Lewiston, for appellants.

Paul C. Keeton, Lewiston, for respondent.

TAYLOR, Justice.

On the 12th day of October, 1949, the defendants (appellants), acting as the Board of County Commissioners of Nez Perce County, passed and adopted the resolution following, to-wit:

"The resolution of September 14, 1949, appearing on Page 465 of Book R, which ordered that no further licenses for beer parlors in the Lewiston Orchards be issued, is hereby amended by resolution made this date as follows:

"Whereas the area known as the Lewiston Orchards in Nez Perce County, Idaho, (the same being a dedicated area, but not incorporated) is becoming thickly populated within a small territory, and there are numerous applications for beer parlors pending or about to be presented to the Board; and,

"Whereas, it is deemed not to be to the best interest of the county, and that it would not be for the good of the community of said Lewiston Orchards if further licenses. for the sale of beer to be consumed on the premises in said Lewiston Orchards were granted, and that it would be detrimental to the public welfare if further licenses for the sale of beer to be consumed upon the premises in said Lewiston Orchards were granted;

"Now Therefore, Be It Resolved And Ordained that the number of licenses for the sale of beer to be consumed on the premises within the area of the Lewiston Orchards be limited to two (2) and that no additional licenses be granted in such area.

"Be It Further Resolved That Nothing herein contained shall prohibit the granting of a license for the sale at retail in con-

tainers of beer where the same is not consumed upon the premises.

"Oct. 12, 1949. Page 473."

The plaintiff (respondent) on January 9, 1951, made application to the defendants for a licnese to sell at retail bottled and draft beer at the intersection of 5th Street and Preston Avenue in the community of Lewiston Orchards. On January 10, 1951, the defendants rejected the plaintiff's application upon the grounds set out in the foregoing resolution. Two licenses for the sale of beer, to be consumed upon the premises, within the area of Lewiston Orchards had been previously granted and were in effect.

Upon the trial it was shown that Lewiston Orchards is a residential area immediately adjacent to and south of the city of Lewiston; that it is a platted area with established boundaries, but not incorporated; it embraces 3,509 acres of land and has a population estimated at 5,000; that 5th Street, upon which plaintiff proposed to operate his tavern business, is a continuation of one of the main thoroughfares from the city of Lewiston extending into and through the Lewiston Orchards. There was testimony that some other business establishments were located, or had been located, on the corners at the intersection of 5th Street at Preston Avenue, namely, a grocery store, fountain, two service stations, barber shop, café, and radio shop. The plaintiff testified that the area at the intersection was a business district and that Lewiston Orchards was a rural area. However, he also testi-

fied that both sides of 5th Street and both sides of Preston Avenue as they extend away from the intersection and beyond the business establishments mentioned are occupied by residences. All other witnesses who testified on the subject described Lewiston Orchards as a residential area.

■ Plaintiff objected to the proof offered to establish the character of the area as residential, on the ground that his application was rejected for the reason that the Lewiston Orchards "is becoming thickly populated within a small territory", and not upon the ground that it is a residential district. In support of this objection, plaintiff cites Barth v. De Coursey, 69 Idaho 469, 207 P.2d 1165, where it is held that the commissioners, having based their refusal of the license solely upon the ground of the resolution, cannot thereafter assign some other ground therefor. In that case the "other ground" referred to was a personal disqualification of the applicant, which was not assigned by the commissioners as a ground for refusal at the time the application was denied. Here, the reason given, that it "is becoming thickly populated within a small territory", is not inconsistent with the proof of a residential area. While the two characteristics may not be synonymous, both may refer to the same territory. Ordinarily proof of a residential area would also be proof of a thickly populated area.

The trial court concluded that the resolution is prohibitory and discriminatory and, as such, invalid and void; and that plain-

tiff is entitled to the issuance of the license applied for, and entered judgment accordingly.

It is not questioned that the applicant possesses all of the qualifications and none of the disqualifications prescribed by the state beer law, Section 23–1010, I.C. The issues here concern the application of the following provisions of the law:

"* * * If the applications conform hereto the municipality, county and commissioner, respectively, shall each issue a retailer's license to the applicant, subject to the restrictions and upon the conditions in this act specified, and, as to the municipal license, in the ordinance aforesaid." § 23–1009, I.C.

"* * * Provided, however, that nothing in this act shall be so construed as to prohibit or prevent municipalities or counties from licensing and regulating places of business where beer is sold to the consumer." § 23–1014, I.C.

"It shall be unlawful for any retailer to sell beer without first procuring a retailer's license from the county, said license to be issued on such conditions and terms as may be required by the board of county commissioners in the county wherein such place of sale of beer is located; * * *." § 23–1015, I.C.

Also, to be considered is § 2 of Art. 12 of the State Constitution, which is a direct grant of police power to the counties and municipalities of the state, subject to the limitation that such power shall not be exercised in conflict with "the general laws". Under this provision the counties and cities of this state are not limited to police powers granted by the legislature, but may make and enforce, within their respective limits, all such police regulations as are not in conflict with the general law. Hence the statutes are to be looked to for limitations upon the police power of the municipalities rather than as grants of such power. State v. Musser, 67 Idaho 214, 176 P.2d 199; Clyde Hess Distributing Company v. Bonneville County, 69 Idaho 505, 210 P.2d 798; Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695.

Applying this constitutional limitation on police power of the county, this court has held that the county may not prohibit or refuse to license the sale of beer in view of the quoted provision in § 23–1009, to the effect that the applicant having complied, the county "shall" issue the license. That is, a county ordinance having the effect of prohibiting the sale of beer would conflict with the statute, which provides that beer may be sold throughout the state and that a license therefor shall issue to a qualified applicant. Barth v. De Coursey, supra. The ultimate question, therefore, is as to whether the ordinance adopted by the county board is in effect prohibitory. Does it prohibit that which the legislature has expressly sanctioned? A restriction imposed by the county which merely goes further and adds limitations to those contained in the statute, is not necessarily in conflict

with the statute. Clyde Hess Distributing Co. v. Bonneville County, supra. If such restrictions are not unreasonably discriminatory, and reasonably tend to promote some object within the police power of the county, and are not so restrictive as to operate prohibitively, they will be upheld as within the police power and not in conflict with the general laws. 48 C.J.S., Intoxicating Liquors, § 154; 30 Am.Jur., Intoxicating Liquors, § 216; Annotation 9 A.L.R.2d 877.

On the other hand, if such restrictions in effect accomplish the prohibition of the sale of beer, they will be held in conflict with the statute. Barth v. De Coursey, supra; City of Fairfield v. Pappas, 362 Ill. 80, 199 N.E. 292; Mernaugh v. City of Orlando, 41 Fla. 433, 27 So. 34; Re Greystock (Can.) 12 U.C.Q.B. 458.

 A limitation of the number of licenses which will be issued for the sale of intoxicants within a municipality or within a given area is not of itself prohibitory, and is recognized as a legitimate regulation tending to promote public health, safety and welfare within the police power. Perry v. City Council of Salt Lake City, 7 Utah 143, 25 P. 739 at page 741, 11 L.R.A. 446; State ex rel. Grimes v. Board of Commissioners of Las Vegas, 53 Nev. 364, 1 P.2d 570; State ex rel. McIntire v. City Council of Libby, 107 Mont. 216, 82 P.2d 587; Alamogordo Imp. Co. v. Prendergast, 45 N.M. 40, 109 P.2d 254; In re Jorgensen, 75 Neb. 401, 106 N.W. 462; Thielen v. Kostelecky,

69 N.D. 410, 287 N.W. 513, 124 A.L.R. 820; Garonzik v. State, 50 Tex.Cr.R. 533, 100 S. W. 374; 48 C.J.S., Intoxicating Liquors, § 213; Annotation 124 A.L.R. 825; Annotation 163 A.L.R. 581.

 The court is not concerned with the wisdom of the ordinance. That is a matter for the legislative authority. Great Atlantic & Pacific Tea Co. v. Mayor & Commissioners of City of Danville, 367 Ill. 310, 11 N.E.2d 388, 113 A.L.R. 1386. The board is vested with a broad discretion in the exercise of its police powers, and the application of such powers to local conditions is largely left to the judgment of the commissioners. Here the commissioners have said that it would be detrimental to the public welfare to have more than two beer taverns (where beer is sold and consumed on the premises) within the residential area known as Lewiston Orchards. In view of facts and the proximity of the district to the city of Lewiston, the court cannot determine that the ordinance is prohibitory. Nor can the court say that the restriction is unreasonable or arbitrary. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Alexander v. Graves, 178 Miss. 583, 173 So. 417; State ex rel. Noble v. City Council, 7 Wyo. 417, 52 P. 975, 40 L. R.A. 710; City of Greencastle v. Thompson, 168 Ind. 493, 81 N.E. 497; Miller v. Zoning Commission of City of Bridgeport, 135 Conn. 405, 65 A.2d 577, 9 A.L.R.2d 873, Annotation 877; Rudis v. Zoning Commission of Town of Fairfield, 135 Conn. 410, 65

A.2d 579; State ex rel. Dixie Inn v. City of Miami, 156 Fla. 784, 24· So.2d 705, 163 A.L.R. 577; 30 Am.Jur., Intoxicating Liquors, §§ 107, 108, 121.

▮ Plaintiff also contends that the ordinance discriminates against him, and deprives him of inherent and constitutional rights. We need cite no authority for the proposition that the selling of intoxicating liquor is a proper subject for control and regulation under the police power. It is likewise universally accepted that no one has an inherent or constitutional right to engage in the business of selling or dealing in intoxicating liquors. Mix v. Board of Commissioners, 18 Idaho 695, 112 P. 215, 32 L.R.A.,N.S., 534; Roberts v. City of Boise, 23 Idaho 716, 132 P. 306, 45 L.R.A.,N.S., 593; Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620; 30 Am.Jur., Intoxicating Liquors, §§ 19, 20, and 22; 48 C.J.S., Intoxicating Liquors, §§ 20, · 39. Further, a proper exercise of the police power may result in discrimination. A license may be granted to one and denied to another, even where both are equally qualified to exercise the privilege afforded by the license. But such inequality is unavoidable in a case such as this where it is found in the public interest to limit the number permitted to engage in such business.

" * * * Where the grant is of a franchise which would not otherwise exist, no question can be made of the right of the State to make it exclusive, unless the constitution of the State forbids it; because, in contemplation of law, no one is wronged when he is only excluded from that to which he never had any right. An exclusive right to build and maintain a toll bridge or to set up a ferry may therefore be granted; and the State may doubtless limit, by the requirement of a license, the number of persons who shall be allowed to engage in employments the entering upon which is not a matter of common right, and which, because of their liability to abuse, may require special and extraordinary police supervision. The business of selling intoxicating drinks and of setting up a lottery are illustrations of such employments. * * *" 1 Cooley, Constitutional Limitations, 8th Ed., p. 580. Riggins v. District Court, 89 Utah 183, 51 P.2d 645; Randles v. Washington State Liquor Control Board, 33 Wash.2d 688, 206 P.2d 1209, 9 A.L.R.2d 531; 30 Am.Jur., Intoxicating Liquors, § 84.

The judgment is reversed. Costs to appellants.

GIVENS, C. J., PORTER and THOMAS, JJ., and JACK McQUADE, District Judge, concur.