298 P.2d 979

Joe TAGGART, Bill Chaney, Donald Dickinsen, Ben Krieger, Clarence E. White and Keith Harland, Plaintiffs-Appellants,

v.

LATAH COUNTY, Idaho, and its Board of Commissioners, and Each Commissioner Thereof, to-wit: J. O. Broyles, Eugene Taylor and Orval Snow, Defendants-Respondents.

No. 8389.

Supreme Court of Idaho.

June 19, 1956.

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., Lloyd G. Martinson, Pros. Atty., Moscow, for respondents.

Felton & Bielenberg, Moscow, for appellants.

ANDERSON, Justice.

This is an action for declaratory judgment, I.C. title 10, chapter 12, brought by owners of licensed beer establishments located in unincorporated territory in Latah County, Idaho, challenging the validity of an ordinance of said county enacted November 15, 1954. The ordinance in question forbids the sale and consumption of beer in these establishments between midnight and 7 o'clock in the morning on week days and all day Sunday, although state law, I.C. sec. 23–1012, prohibits sale only between the hours of 1 o'clock a. m. and 7 o'clock a. m.

The defendants filed a general demurrer to the complaint, which the district court sustained without leave to amend, and dismissed the action.

Appellants contend that the complaint is not subject to general demurrer because it states a justiciable issue. They further contend that the ordinance discriminates against them in favor of retailers whose premises are located within incorporated municipalities in Latah County, Idaho.

Respondents contend that the ordinance is a reasonable regulation, and not substantial prohibition of traffic in alcoholic beverages. They further contend that I.C. sec. 23–1012 is a prohibitory statute and does not preclude counties from further limiting the hours at which beer may be sold at retail in counties outside incorporated municipalities.

■ Although the trial court found the complaint did not state a cause of action, a justiciable issue is presented in this case, and the record discloses sufficient facts to base a decision upon and to obviate another appeal. We deem it proper to state our views upon the merits. Grayot v. Summers, 75 Idaho 125, 269 P.2d 765. The decisive question to be determined is not

one of fact, but is purely one of law: That is, as to the validity of the ordinance in question.

In the case of Barth v. DeCoursey, 69 Idaho 469, 207 P.2d 1165, it was held that a county could not prohibit sale of beer by arbitrarily refusing to grant licenses for its sale, but that the county could make reasonable regulations, as long as they were not prohibitory.

The case of Clyde Hess Distributing Co. v. Bonneville County, 69 Idaho 505, 210 P.2d 798, is nearly identical with the one before us, both as to the facts and questions of law. The court in that case stated in 69 Idaho at page 510, 210 P.2d at page 800:

"Thus, it appears that the legislature by Section 23-1012, I.C., has not occupied and did not intend to occupy the whole field of hours of sale of beer, thereby making any regulation by the county necessarily inconsistent with the general law. Ex parte Iverson, 199 Cal. 582, 250 P. 681.

"Both Section 23-1012, I.C., and the regulation in question are prohibitory in terms. The regulation merely goes further than the statute and prescribes additional hours during which sale of beer is prohibited. Am.Jur. 37, page 790, states the applicable rule under such circumstances as follows: 'Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective.' "

The court found that there is no express statute authorizing the sale of beer during any prescribed hours, and concluded that the county regulation in the Hess case did not conflict with the state law insofar as it extended the hours during which beer may not be sold.

This court in the above-mentioned case considered the various statutes applicable and Article 12, section 2, of the Idaho Constitution, and reached the conclusion that the regulations prescribing hours in which beer may not be sold in addition to those set out in I.C. sec. 23-1012 were valid, and were regulations which the board of county commissioners had a right to make and enforce so far as the territory embraced within their county was concerned, exclusive of municipalities. Regulation of traffic in beer and intoxicating liquors is a police regulation within the meaning of this section of the Idaho Constitution. State v.

Robbins, 59 Idaho 279, 81 P.2d 1078; State v. Musser, 67 Idaho 214, 176 P.2d 199.

Appellants contend that in the Hess case it was not urged that the ordinance was unreasonable, oppressive, discriminatory, or prohibitory, and that in giving such consideration this case should overrule that case. However, the court in the Hess case points out in 69 Idaho at page 512, 210 P.2d at page 802, that such regulations

" * * * must be reasonable, not conflict with the general laws, and not infringe on the constitutional right of a municipality to make its own police regulations."

In the case of Gartland v. Talbott, 72 Idaho 125, 237 P.2d 1067, the board of county commissioners of Nez Perce County restricted the number of issuable beer licenses in a designated area. This was held not to be prohibitory, unreasonable, or arbitrary. The court stated 72 Idaho at pages 129–130, 237 P.2d at page 1069:

" * * * A restriction imposed by the county which merely goes further and adds limitations to those contained in the statute, is not necessarily in conflict with the statute. Clyde Hess Distributing Co. v. Bonneville County, supra. If such restrictions are not unreasonably discriminatory, and reasonably tend to promote some object within the police power of the county, and are not so restrictive as to operate prohibitively, they will be upheld as within the police power and not in conflict with the general laws. * * *"

One of the cases relied on by appellants, O'Connor v. City of Moscow, 69 Idaho 37, 42, 202 P.2d 401, 404, 9 A.L.R.2d 1031, states:

"The right to use one's property in a lawful manner is within the protection of subdivision (1) of the 14th Amendment of the Constitution of the United States and Article I, Sec. 13 of the Idaho Constitution providing that no person shall be deprived of life, liberty, or property without due process of law. * * *"

The question, however, was far different from the one now before the court. The ordinance in that case amounted to a prohibition of the sale of the property for continued use as a beer parlor and pool hall, and it was held to be an arbitrary and unreasonable exercise of the police power and to violate the constitutional protection given by the due process clause.

Article 12, section 2, of the Idaho Constitution gives a high source of police power. It provides:

"Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict

with its charter or with the general laws."

■ Where restrictions imposed by a county on sale of beer merely add limitations to statutory provisions, are not unreasonable or discriminatory, and reasonably tend to promote some object within the police power of the county, and are not so restrictive as to operate prohibitively, they will be upheld as being within the police power and not in conflict with the general laws. Gartland v. Talbott, 72 Idaho 125, 129–130, 237 P.2d 1067.

■ Property rights may be legally and adversely affected by the reasonable exercise of police power without a deprivation of substantive due process of law. State v. Finney, 65 Idaho 630, 150 P.2d 130; 16 C.J.S., Constitutional Law, § 209, p. 1055.

■ Under the authority of the Hess case and the others above cited, we are of the opinion that the ordinance is reasonable and valid, and does not arbitrarily interfere with the operation of the businesses involved so as to be prohibitive.

We have considered the other assignments of error, and find them without merit.

Judgment affirmed.

No costs awarded.

TAYLOR, C. J., KEETON and SMITH, JJ., and BAKER, District Judge, concur.