630 P.2d 140

**Larry RUSSELL and Marla Russell, dba Russell's Junction; Yvonne Maupin, dba Teton Mercantile; Jessie June Laverdure, dba June's Club Cigar Store, Plaintiffs-Appellants,**

v.

**TETON CITY, a political subdivision of the State of Idaho, Defendant-Respondent.**

No. 13372.

Supreme Court of Idaho.

June 9, 1981.

Franklin N. Smith, Jr., of Albaugh, Smith, Pike & Martin, Idaho Falls, for plaintiffs-appellants.

Gordon S. Thatcher, of Rigby, Thatcher, Andrus, Barton & Walters, Rexburg, for defendant-respondent.

BAKES, Chief Justice.

In December of 1978, the City of Teton enacted an ordinance banning *all* beer sales on Sundays. Prior to this time, only the sale of packaged beer for off-premises consumption was permitted on Sunday.

On March 6, 1979, the proprietors of three retail establishments filed a complaint requesting a writ of prohibition, injunctive relief, declaratory relief, and damages for (inverse) condemnation. Substantively, the plaintiffs mounted a three-pronged challenge to the ordinance. First, they alleged that the Sunday beer ban ordinance conflicted with state statutes regulating the sale of beer. Second, they maintained that the loss of Sunday beer sales hurt their business so badly as to constitute an unconstitutional taking of property without just compensation. Third, they contended that the ordinance exceeded the city's permissible police power. After a trial, the district court upheld the ordinance. The plaintiffs appealed.

Plaintiff appellants contend that a 1978 amendment to I.C. § 23–1012[1] demon-

1. That statute now reads: "HOURS OF SALE.—(1) It shall be unlawful and a misdemeanor for any person in any place licensed to sell beer or where beer is sold or dispensed to be consumed on the premises, whether conducted for pleasure or profit, to sell, dispense or give away beer between the hours of one (1) o'clock A.M. and seven (7) o'clock A.M.

"(2) Any patron present on the licensed premises after the sale of beer has stopped as provided in subsection (1) above shall have a reasonable time, not to exceed thirty (30) minutes, to consume any beverage already served.

"(3) Any person who consumes or intentionally permits the consumption of any alcoholic beverage upon the licensed premises after the

strates that the legislature no longer intends to interfere with the rights of licensed vendors to dispense beer to adult citizens for their private, off-premises consumption. We disagree. The manifest intention of the 1978 amendment was to permit a purchaser of beer for on-premises consumption a reasonable amount of time to finish his beer after closing. It had nothing to do with the right of cities to regulate the Sunday sale of packaged beer for off-premises consumption.

 With respect to appellants' other arguments, this Court has in two previous opinions held that there are no constitutional impediments to local bans on Sunday beer sales. *Taggart v. Latah County*, 78 Idaho 99, 298 P.2d 979 (1956); *Clyde Hess Distributing Co. v. Bonneville County*, 69 Idaho 505, 210 P.2d 798 (1949). Although appellants request us to reverse those decisions, we decline.

The decision of the district court sustaining the validity of the ordinance is affirmed. Costs to respondent.

McFADDEN, BISTLINE and DONALDSON, JJ., concur.

SHEPARD, J., dissents without opinion.

time provided for in subsection (2) shall be guilty of a misdemeanor." I.C. § 23–1012 (as amended 1978 Idaho Sess. Laws, ch. 39, § 1, p. 68).

The 1978 amendment added the second and third subsections and made insignificant changes in the language of the first subsection.