J. Tom Allen et al., appellants, v. Nebraska Liquor
Control Commission, appellee.

140 N. W. 2d 413

Filed February 25, 1966. No. 36089.

Richard H. Hansen and Robert A. Weigel, for appellants.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellee.

Heard before White, C. J., Carter, Spencer, Boslaugh, Brower, Smith, and McCown, JJ.

Carter, J.

On March 12, 1964, the applicants filed a joint application for a package liquor license with the Nebraska Liquor Control Commission. After a hearing the commission denied the application and the applicants appealed.

The application for a package liquor license was made to the commission in compliance with section 53-131, R. R. S. 1943. The application was referred to the city council of the city of Lincoln for its recommendation, as the law requires. After a hearing the city council recommended a denial of the application for the following reason: "That the granting of such license would increase the number of licenses in effect at this time in the City of Lincoln to a number further in excess of that fixed by this Council as the maximum." The record also shows that on March 9, 1964, the city council of the city of Lincoln, by resolution, limited the number of licenses for the sale of package liquor to 31. These licenses were in addition to those issued to bottle clubs, nonprofit corporations, and for the sale of beer.

The evidence shows that the place of business to be operated under the license, if granted, was to be in Indian Village, a new shopping center in southwest Lincoln. There are no package liquor stores within a mile of this location. There is evidence that the population of Lincoln in 1935 was 75,933 with 27 liquor licenses exclusive of clubs and nonprofit corporations. In 1963 the population is said to have been 143,000 with 31 package liquor licenses excluding clubs and nonprofit corporations. It is not questioned that the Indian Village Shopping Center is within the area prescribed by the city for the location of licensed package liquor stores.

In 1959 the Legislature for the first time required applications for liquor licenses to be filed with the Nebraska Liquor Control Commission rather than with local authorities. The legislation requires that notice be given to local authorities and that such authorities will have 30 days to make their recommendation. The city of Lincoln through its city council, recommended a denial of the application in the instant case. It is the commission, however, that determines whether or not the application shall be granted or denied, the recommenda-

tion of local authorities under the act being advisory only. The order of the commission denying the application was based on the recommendation of denial by the city council of the city of Lincoln. On appeal to the district court for Lancaster County the court upheld the right of the city council of Lincoln to place a limitation upon the number of package liquor licenses to be issued in the city and to recommend pursuant thereto, and affirmed the order of the commission.

The applicants contend that the trial court erred in holding that the limitation of package liquor licenses to 31 by the city of Lincoln was not arbitrary or capricious. The appeal is made primarily on this contention of the applicants.

The Nebraska Liquor Control Commission is an administrative agency of the state. It has been given authority by the Legislature to grant or deny applications for liquor licenses, after hearing, in accordance with the standards contained in the Nebraska Liquor Control Act. Its determinations made in accordance with the act will be sustained by the courts unless its action is shown to be unreasonable or arbitrary.

In this case the question is whether or not the commission acted arbitrarily and unreasonably in denying the application on the recommendation of the city council of Lincoln. This in turn relates itself to the power of the city council of Lincoln to recommend a denial based on its action in limiting the number of package liquor licenses to 31.

The question has been before this court on previous occasions. The principal case is In re Jugenheimer, 81 Neb. 836, 116 N. W. 966, 18 L. R. A. N. S. 386. In the consideration of that case the court took cognizance of the judgment of the district court, accompanied by a written opinion, sustaining every contention advanced by the applicants in the present case. Because of its length we shall only summarize the opinion in that case.

In reversing the judgment in the Jugenheimer case

the court said that in times not too remote there was little restriction on the sale of liquor but that the evils of the traffic became so pronounced that it presented to the Legislature the problem of satisfying the demands for their sale and at the same time minimizing its well-understood evils. Its purpose in so doing was not the raising of revenue, but rather to thoroughly regulate and as far as practicable to suppress a traffic, the tendency of which was believed to be productive of pauperism, vice, misery, and crime. The licensing of the sale on intoxicants was the method employed. The injurious results in the use of alcoholic liquors first fall upon the user in his health which the habit undermines; in his morals, which it weakens; and in self debasement, which it creates. But, as it leads to neglect of business and waste of property and general demoralization, it affects those who are immediately connected with and dependent upon him. The statistics of every state show a greater amount of crime and misery attributable to the use of ardent spirits obtained at retail liquor saloons than to any other source. The sale of such liquors in this way has therefore been, at all times, by the courts of every state, considered as the proper subject of legislative regulation. The police power of the state is fully competent to regulate the business—to mitigate its evils or suppress it entirely. The court then said that the appeal would be disposed of on the theory adopted in the district court—that the primary cause for the refusal of the license was the fact that the board had determined to limit the saloons to 35 in number. The power to regulate and control includes the power to do all that is deemed, in the judgment of the council, for the best interests of the municipality and its inhabitants. It necessarily confers the power to refuse a license, or to limit the number of licenses to be granted when the welfare of the city suggests such action. That such a limit is required in the interest of law and order must be accepted. When the number of licenses are issued beyond that to satisfy the

normal demand, the saloon keepers are compelled, in order to make the business profitable, to resort to all manner of vices to create an artificial demand for liquor and an increase in consumption of liquor beyond the normal. The evil consequences flowing from these practices can be readily seen. If the number of applicants were less than the board thought requisite to supply the normal demand, all could be accommodated; but, when it became evident that the applications were in excess of the number required, there was but one course to pursue, which was then adopted by the board, to refuse all applicants who applied therefor. Upon the foregoing reasoning the court concluded: "Such discretion (of the licensing board) extends to limiting the number of licenses which it will issue for the sale of liquors within the city, as well as the number that will be granted for any particular locality."

Other cases, consistent with the foregoing holding, are: Pleuler v. State, 11 Neb. 547, 10 N. W. 481; Jugenheimer v. State Journal Co., 81 Neb. 830, 116 N. W. 964; In re Application of Jorgensen, 75 Neb. 401, 106 N. W. 462; State ex rel. Brackett v. City of Alliance, 65 Neb. 524, 91 N. W. 387; and Fraser v. Hunter, 96 Neb. 134, 147 N. W. 124. In the Jorgensen case, a case dealing with the limiting of saloon licenses, this court said: "Its object is to limit the number of saloons in a certain locality. * * * That such a limit is required in the interests of law and order, and their due and orderly enforcement, must, we think, be accepted upon the mere statement of the proposition. * * * Many reasons for such restrictions readily suggest themselves and we need not, it would seem, enter into a discussion of any of them. This right of limitation as to numbers was distinctly recognized in State v. City of Alliance, *supra*." We conclude that the power of a licensing board to limit the number of licenses for the sale of package liquor is a proper method of regulating the sale and dispensing of alcoholic beverages.

Under the Nebraska Liquor Control Act the commission is required to seek the recommendation of the city as regards the grant or denial of an application within 30 days. The effect of this provision is to afford evidence to sustain or deny an application, as the case may be, even though the commission is not bound by the recommendation.

The applicants contend that a denial of a liquor license by the commission on the basis that it would exceed the limitation of the number of said licenses set by the city, in the absence of a showing that the city took substantial evidence at a hearing conducted for that purpose, is incompetent. In other words, the applicants contend that the commission must have evidence before it to the effect that the city council of Lincoln held a hearing as regards the limiting resolution and that there was evidence which sustained its action. We think the regularity of the action taken by the city will be presumed and that the burden rests upon the applicants to show that the conclusion reached by the city was arbitrary and unreasonable.

The resolution of the city council of Lincoln, limiting the number of package liquor licenses to 31, was admitted into evidence by stipulation. It was also stipulated that 31 licenses had been issued before the application in this case was acted upon. No objection having been made to the admission of the resolution in evidence, it was before the commission for all purposes. By failing to object to the admission of the resolution of the city and irregularities as to its validity, even if such irregularities existed, they were waived. Even if the resolution were subject to objection on the ground of want of sufficient foundation, it is too late to raise that issue for the first time on appeal.

The trial court came to this same conclusion. The judgment of the trial court is affirmed.

AFFIRMED.