T & N P Co., INC., DOING BUSINESS AS SARPY TAVERN, APPELLEE, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

204 N. W. 2d 809

Filed March 2, 1973. No. 38636.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellant.

Dean J. Jungers of Hascall & Jungers, for appellee.

Heard before WHITE, C. J., BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

BOSLAUGH, J.

This is an appeal from an order of the district court reversing an order of the Nebraska Liquor Control Commission and directing that an on-and-off sale beer li-

cense be issued to the plaintiff. The commission appeals.

The plaintiff is a corporation. Thelma Pilege owns 75 percent of the stock. Nick Pilege, her son, owns 25 percent of the stock. He has been employed as a bartender by the former owners. In 1966, he was convicted of burglary in Douglas County, Nebraska.

The plaintiff's application was filed with the commission on January 13, 1972. A protest to the issuance of the license was filed by the chief enforcement officer of the commission.

A hearing on the application was held on April 20, 1972. Thelma Pilege testified she had purchased the tavern, which is located in Sarpy County, and had employed a manager who would come in and oversee the operation of the business on a daily basis; Nick Pilege would be employed as a bartender; and she intended to be at the tavern three or four nights a week. On cross-examination she admitted she had told John Duprey, an agent for the commission, that Nick Pilege actually was going to operate and run the bar for her. She testified further, however, the manager would run the place; Nick Pilege would be just a bartender; and she would be there on Sundays.

Nick Pilege testified he had been employed by the former owners and licensees; a customer had been "rolled" or robbed in the parking area at the tavern on February 28, 1972; and if a license was granted to the plaintiff, he expected to be employed as a bartender.

John Duprey testified Thelma Pilege had told him she had a full-time job in Omaha, Nebraska; Nick Pilege would oversee the tavern when she was not there; and Nick Pilege had stated that he would be just an employee. Duprey further testified he was at the tavern on October 31, 1971, when Nick Pilege was present and a person 18 years old was tending bar and selling liquor to another minor; the tavern had a poor reputation; and there had been a lot of difficulty as far as policing was concerned.

At the hearing in the district court Nick Pilege testified he was not present at the time of the incident on October 31, 1971, but came on duty later that day. There was other evidence, but the foregoing is a summary of the evidence material to the consideration of this appeal.

The power to regulate all phases of the control of the distribution and sale of alcoholic liquors is vested generally in the Nebraska Liquor Control Commission. § 53-116, R. R. S. 1943. The commission has a broad discretion in determining whether applications for licenses should be granted or denied. Courts are without authority to interfere with that discretion unless it has been abused. City of Lincoln v. Nebraska Liquor Control Commission, 181 Neb. 277, 147 N. W 2d 803; Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N. W. 2d 413.

The plaintiff contends that since all requirements of sections 53-125, R. S. Supp., 1972, and 53-126, R. R. S. 1943, were met, the commission had no right to refuse to issue a license to the plaintiff. Section 53-125, R. S. Supp., 1972, provides that no license shall be issued to a corporation if a stockholder owning more than 25 percent of the stock has been convicted of a felony. The fact that the commission was not prohibited by the statute from issuing a license in this case does not mean that the commission was required to grant the application.

In the exercise of its discretion the commission was entitled to consider the history of the operation of the tavern, particularly since Nick Pilege had been an employee of the former owners. The commission could also consider the conflicts in the testimony and the statements made to its agents when the application was being investigated. We think the evidence established that it was within the discretion of the commission to refuse to issue the license and that its action was not unreasonable or arbitrary.

The plaintiff further contends that the trial court

could reverse the order of the commission without finding that its action was unreasonable or arbitrary. The plaintiff relies on section 53-1,116, R. R. S. 1943, which provides in part that appeals to the district court shall be "heard and tried de novo" as in equity and that additional testimony may be received. The statutory provision refers to the procedure on the trial of the appeal rather than the determination of the appeal.

The purpose of the appeal is to review the action of the commission. The power to regulate is vested in the commission, not the courts. If the commission has not abused its discretion, the courts should not interfere. City of Lincoln v. Nebraska Liquor Control Commission, *supra*; Allen v. Nebraska Liquor Control Commission, *supra*.

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment affirming the order of the Nebraska Liquor Control Commission.

REVERSED AND REMANDED WITH DIRECTIONS.