C & L Company, doing business as Silver Top, appellee, v. Nebraska Liquor Control Commission, appellant.

206 N. W. 2d 49

Filed April 6, 1973. No. 38719.

Clarence A. H. Meyer, Attorney General, and Robert R. Camp, for appellant.

E. Dean Hascall, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Smith, J.

The Nebraska Liquor Control Commission denied an application by C & L Company, Inc., for a liquor license. On appeal the District Court found the action of the commission arbitrary, and it ordered issuance of the license. The commission appeals. The parties argue the nature of the proceeding in District Court and the evidence relating to statutory exclusion of a corporate applicant whose agent is not of good character.

There is no conflict of evidence. C & L applied for a Class C retail liquor license held by the Silver Top Bar, a corporation, in the City of Bellevue. A power of attorney attached to the application named Colleen Longo the statutory agent with full authority, control, and responsibility concerning the alcoholic liquor business of C & L. The Bellevue city council recommended issuance of the license, but the chief enforcement officer of the liquor commission protested.

The record of the commission hearing in April 1972 includes the following testimony of Colleen Longo. She

owned the building in which Black Forest, a bottle club licensed to a Mr. McDonald, was doing business. The cost of all liquor purchases was paid by her, and all income was deposited in a checking account with Colleen the only drawee. Colleen was to decide whether she would pay McDonald any money. McDonald was paid nothing by her, for the business was not profitable. Colleen had filed an application for a license in her name on the Black Forest premises. Agents of the commission were fully aware of the manner in which she and McDonald were doing business.

C & L, which Colleen controlled, agreed to purchase the Silver Top Motel and the bar for $150,000 subject to C & L's obtaining a loan. In July 1971, Colleen began to manage the Silver Top Bar for C & L, although Ed Sterba, the seller, continued to be the statutory agent respecting the liquor license. C & L, through Colleen, paid bills upon Sterba's approval, but realization of profits would be unknown until an audit. Sterba eventually became impatient of the delay, consequently, C & L, again through Colleen, disbursed $2,000 to him. The application in suit was filed March 1, 1972, a short time prior to the date of the loan commitment. After subpoena of the books of account by the commission and upon advice of a commission representative that the business practices were unlawful, she and Sterba changed the practices to conform to the advice.

The only other witness at the commission hearing was a Bellevue banker. He testified to the good character and reputation of Colleen. The commisison concededly denied the application because of her character.

The evidence on appeal to District Court consisted of the record of the commission hearing and a stipulation of prejudice to Sterba from the lapse of time in event of denial of the application. The order of the District Court was entered August 18, 1972.

The Nebraska Liquor Control Act reads in part as follows: "No license . . . shall be issued to . . . (2) a

person who is not of good character and reputation in the community in which he resides . . .." § 53-125, R. S. Supp., 1972. "No corporation . . . shall be given any license . . . unless such corporation . . . shall have first appointed . . . its agent, and shall have filed with the commission a . . . power of attorney, . . . authorizing such agent to exercise full authority of such corporation, and full authority, control, and responsibility for the conduct of all business and transactions of the corporation within the state relative to alcoholic liquors. Such agent must be satisfactory to and approved by the commission with respect to his character, and must be one who would be eligible personally for a license . . .." § 53-126, R. R. S. 1943. "This act shall be liberally construed, to the end that the health, safety and welfare of the people . . . shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." § 53-1,118, R. R. S. 1943.

In light of legislative policy the statutory phrase "not of good character" imports lack of good faith or honesty of purpose.

In the argument C & L emphasizes statutory provisions (1) for a de novo hearing and trial in District Court in the manner provided for the trial of suits in equity, and (2) for introduction of additional testimony. It asserts that arbitrariness or unreasonableness of commission action is not the standard of review on appeal from the commission to District Court, but that the district Court is to exercise an independent judgment on law and fact. The argument has been rejected. See T & N P Co., Inc. v. Nebraska Liquor Control Commission, 189 Neb. 708, 204 N. W. 2d 809 (1973); but cf. Feight v. State Real Estate Commission, 151 Neb. 867, 39 N. W. 2d 823 (1949).

We assume arguendo only that (1) C & L's contention relative to the nature of the proceeding in District Court is correct and (2) we are to review the issues of

fact de novo. See §§ 25-1925 and 84-918, R. R. S. 1943. The District Court, however, had only a cold record before it; consequently, the rule pertaining to our consideration of the opportunity of the trial court in equity to observe the witnesses is inapplicable.

The evidence establishes that Colleen was a person of good character apart from the requirement concerning eligibility for a liquor license. To further legislative policy, however, we find that she was not a person of "good character" for present purposes. We would deny the application by C & L. The denial by the commission was therefore neither arbitrary nor unreasonable.

The judgment of the District Court is reversed and the cause remanded with directions to affirm the action by the commission.

REVERSED AND REMANDED WITH DIRECTIONS.