J K & J, INC., DOING BUSINESS AS "THE DUMP," APPELLEE, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

231 N. W. 2d 694

Filed July 31, 1975. No. 39873.

Paul L. Douglas, Attorney General, and Robert R. Camp, for appellant.

Nicholas J. Lamme of Yost, Schafersman, Yost & Lamme, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal by the Nebraska Liquor Control Commission from an order of the District Court for Dodge County, Nebraska, granting the motion for summary judgment of J K & J, Inc., applicant for a class C liquor license within the city of Fremont, Nebraska, and directing the commission to issue the license. The issue before us on appeal is whether, on the record, the action of the commission in denying the application was unreasonable and arbitrary. See Hadlock v. Nebraska Liquor Control Commission, 193 Neb. 721, 228 N. W. 2d 887. We affirm the order of the District Court.

On April 30, 1974, J K & J, Inc., filed its application with the commission. The commission forwarded the application to the city of Fremont as required by section 53-131, R. R. S. 1943. The city council of Fremont, pursuant to section 53-134(7), R. R. S. 1943, held a public

hearing on the application and unanimously recommended that the license be issued. On June 3, 1974, the chief enforcement officer of the commission filed, under the provisions of section 53-133(1)(c), R. R. S. 1943, an objection to the issuance of the license. This protest did not specify any ground for the objection. As required by section 53-133, R. R. S. 1943, the commission then set the application for hearing and gave notice to the applicant of the time and place. The notice recited as a reason for the hearing: "1. Due to a protest having been filed against your application." There was no further specification of the ground of protest.

On July 11, 1974, a hearing was held on the application and sometime after the hearing the application was denied. At the hearing before the commission the only evidence adduced was by the applicant. Neither the commission nor the objector presented testimony of any kind. The evidence established the fitness and eligibility of the applicant, its officers, and manager for the license sought. On the appeal to the District Court the record made before the commission was received in evidence. It was at that time further established by answers of the commission to the request for admissions from the applicant that the applicant, its officers, and manager were qualified to be issued a license and that there were no statutory or other disqualifications on their part. The record of the hearing before the commission shows that upon cross-examination of the applicant's witness the following questions and answers were adduced:

"Q This is a new license, is it not?
"A Yes, it is.
"Q Within the downtown area?
"A Yes.
"Q Within that block there are three other licenses?
"A Two.
"Q Two. You would be the third one?
"A Yes.

"Q Is this correct?

"A Yes.

"Q How about across the street, are there any licenses?

"A No.

"Q Or in that four-block area, that square-block area?

"A No, none.

"Q Do you know how many licenses there are in Fremont, Nebraska?

"A No, I don't.

"Q If I told you that there were approximately 52, would that appear to be about right?

"A Yes.

"Q There are a number of licenses, are there not?

"A Yes.

"Q Do you believe there is a need for another license in Fremont?

"A Yes.

"Q And in that particular area?

"A Well, the location is perfect for my needs, with the parking, but there is not another establishment suitable for the people for that age group that I'm intending to cater to. There is no six-night entertainment in that—you know, with the type of a group they like, the loud dance group."

At the hearing in the District Court the following interrogatory propounded to the commission and its answer were received: "2. INTERROGATORY. Please state completely and accurately each item of evidence presented to the Nebraska Liquor Control Commission on the 11th day of July, 1974, or at any other time, which supports a finding that J K & J, Inc., d/b/a 'The Dump' is unfit to hold a retail Class C Liquor License." "2. The number of licenses already within the City of Fremont, Nebraska, the location of the proposed license, the type of operation planned, and a lack of a need for an additional license are all reasons for the denial of the license." In connection with the applicant's motion for summary judgment there was also received in evi-

dence an affidavit which incorporated data showing populations of 12 Nebraska cities over 10,000 and the number of liquor licenses of all classes in each such city. This affidavit was apparently in response to the commission's answer to the interrogatory which we have just quoted. As far as the record discloses, the answer to the interrogatory is the first information the applicant had that the commission's denial of the application was founded upon a policy decision by the commission to limit the total number of licenses of all classes in the city of Fremont.

The commission introduced no evidence before the District Court.

The Nebraska Liquor Control Commission is an agency within the provisions of the Administrative Procedures Act. § 84-901, R. S. Supp., 1974; The Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N. W. 2d 369. When the objection was filed to the application and the commission was required to set the matter for hearing under the provisions of section 53-133, R. R. S. 1943, the matter became a contested case under the provisions of section 84-901(3), R. S. Supp., 1974. Section 84-913, R. R. S. 1943, provides, among other things, that not only must there be an opportunity for hearing, but the notice shall state the time, place, "and issues involved, but if, by reason of the nature of the proceeding, the issues cannot be fully stated in advance of the hearing or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as practicable. Opportunity shall be afforded all parties to present evidence and argument with respect thereto." See, also, County of Blaine v. State Board of Equalization & Assessment, 180 Neb. 471, 143 N. W. 2d 880.

Section 84-914, R. R. S. 1943, among other things, provides: "(3) All evidence including records and documents in the possession of the agency of which it desires to avail itself shall be offered and made a part of

the record in the case. No other factual information or evidence shall be considered in the determination of the case. ... (5) An agency may take notice of judicially cognizable fact and in addition may take notice of general, technical, or scientific facts within its specialized knowledge. Parties shall be notified either before or during the hearing, or by reference in preliminary reports or otherwise, of the material so noticed. They shall be afforded an opportunity to contest the facts so noticed."

It seems self-evident that, as applied to the proceedings such as this before the Nebraska Liquor Control Commission, the issues are to be stated with more specificity than just, shall or shall not the license be granted. The applicant already knows that much without being told. In this case, it is clear the applicant went to the hearing before the commission prepared only on the issue of its fitness and that of its owners and manager. It had no notice that the hearing was, in fact, to be, or that the commission would later determine it to be, an after the fact policy-making decision. It had no notice that the commission might take judicial notice of certain facts within its own knowledge, nor what the nature of those facts might be. It had no opportunity to rebut any such facts, nor to present argument thereon, to which rights and opportunity it was entitled under the provisions of section 84-913, R. R. S. 1943.

It seems to us there is a significant difference between the effect to be accorded a policy decision made and properly promulgated before any individual rights are an issue and one made after a hearing which was to determine those rights. We will develop this idea a little later in the opinion.

Let us first set forth the rules of law applicable generally to the matter before us. "The Nebraska Liquor Control Commission is vested with discretion in the granting or denial of retail liquor licenses, but it may not act arbitrarily or unreasonably. Its discretion is to

be exercised reasonably and not whimsically nor capriciously. As in the case of other administrative bodies, the Nebraska Liquor Control Commission, after an administrative hearing, must base its findings and orders on a factual foundation in the record of the proceedings, and the record must show some valid basis on which a finding and order may be premised. Where the record of the proceedings contains no evidence to justify an order, the action must be held to be unreasonable and arbitrary. (Omitting citations.)" Hadlock v. Nebraska Liquor Control Commission, *supra*. In passing we note the issue in the case just cited arose in a different manner than in the present instance. That case was decided under the provision of the statute which, in effect, provided that where no hearing is required and there is no evidence to warrant denial, a license is to be issued routinely.

In Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N. W. 2d 413, this court reviewed generally the history of the authority of agencies empowered by the Legislature to control and regulate the intoxicating liquor industry to limit the number of licenses as part of that regulatory power. Such agencies have been held to have this power from the earliest times. See, State ex rel. Brockett v. City of Alliance, 65 Neb. 524, 91 N. W. 387; In re Application of Jorgensen, 75 Neb. 401, 106 N. W. 462; In re Jugenheimer, 81 Neb. 836, 116 N. W. 966. In Allen v. Nebraska Liquor Control Commission, *supra,* this court held that a previously established policy of a city council, limiting the total number of licenses which it would recommend, was a sufficient basis for the commission to deny a license in the absence of some showing by the applicant that such policy was arbitrary or unreasonable.

In City of Lincoln v. Nebraska Liquor Control Commission, 181 Neb. 277, 147 N. W. 2d 803, we pointed out: "The power to regulate all phases of the control of the manufacture, distribution, sale, and traffic in alcoholic

liquors, except as specifically delegated in Chapter 53, R. R. S. 1943, is vested exclusively in the Nebraska Liquor Control Commission. § 53-116, R. R. S. 1943." That opinion further noted that the policy of the municipality on limiting the number of licenses issued is not binding upon the commission.

Insofar as the record in this case is concerned as it relates to the applicant's entitlement to a license, it is absent any evidence justifying the denial. It was, therefore, arbitrary and unreasonable.

On the abstract question of the authority of the commission to make and announce a policy decision limiting the number of licenses in a particular community, it seems clear that on the basis of the authority we have earlier cited, it does have such authority under the statute, subject to the exception that the policy must not be arbitrary or unreasonably established or applied.

The particular issue in this case arises in the context of the determination of the entitlement of a particular applicant to a license. Because of the failure of the commission in this case to give notice of the issue as required by section 84-913, R. R. S. 1943, the applicant had no opportunity before the commission to challenge the policy on the ground of its being arbitrary or unreasonable for it had no notice of such a policy until after its application was denied. It seems clear that if such a policy had been earlier determined and announced, the burden would, under the doctrine of Allen v. Nebraska Liquor Control Commission, *supra,* have been upon the applicant to show that it was arbitrary and unreasonable.

No doubt, the commission can, in determining policy on limiting the number of licenses, take legislative cognizance of the facts shown by its own records, such as the number, kind, and locations of the licensed establishments in a given community, as well as cognizance of the population of the community on a given census date. It could, of course, in determining such policy, also take notice of other facts not shown by its records which it

might have to determine by investigation, such as specific conditions in a particular community affecting the determination of how the public welfare is affected by the number of licenses. In that context such facts are clearly legislative facts and no notice need be given anyone unless some statutory requirement provides otherwise. See 2 Davis, Administrative Law Treatise, § 15.03, p. 353, and Administrative Law Text (3d Ed.), § 15.03, p. 296. Whether the establishment of such a policy as we are here discussing requires notice under the Administrative Procedures Act, we are, of course, not called upon to determine. That will have to be determined by the provisions of the act itself.

As pointed out by Davis, op cit., adjudicative facts are those applied in the process of adjudication. These are the facts which are normally considered by the trier of fact whether it be jury, judge, or administrator acting quasi-judicially. Legislative facts are those which help a tribunal determine policies of the law. "The exceedingly practical difference between legislative and adjudicative facts is that, apart from facts properly noticed, the tribunal's findings of adjudicative facts must be supported by evidence, but findings or assumptions of legislative facts need not be, frequently are not, and sometimes cannot be supported by evidence." Davis, op cit.

However, when there has been established no previously existing policy and the issue arises in the course of the determination of the entitlement of an applicant to a license, then facts otherwise legislative are, no doubt, to be held to be of an adjudicative nature. See Davis, op cit. Such being the case, applicant would be entitled to notice under the Administrative Procedures Act of the facts of which judicial cognizance is to be taken by the commission.

The act of the commission denying the applicant a license was arbitrary and unreasonable because it had

before it no evidence to support such a denial. Accordingly, the judgment of the District Court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in the result.