72ND STREET PIZZA, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS "EL FREDO PIZZA," APPELLEE, V. NEBRAKA LIQUOR CONTROL COMMISSION, APPELLEE, IMPLEADED WITH CITY OF OMAHA ET AL., APPELLANTS.

261 N. W. 2d 614

Filed January 11, 1978. No. 41220.

Herbert M. Fitle, Allen L. Morrow, and Daniel M. Murphy, for appellants.

James F. Kasher of Brady, Kasher & Pavel, for appellee 72nd Street Pizza, Inc.

No appearance for appellee Nebraska Liquor Control Commission.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This action originated in an appeal to the District Court for Douglas County, Nebraska, from an order

of the Nebraska Liquor Control Commission denying the application of the applicant, 72nd Street Pizza, Inc., for an "on-sale" beer license. The city council of the City of Omaha had recommended to the commission that the application for the license be denied. Upon review in the District Court the denial was found to be arbitrary and unreasonable and that court directed the commission to grant the license. The City of Omaha and certain objectors appealed from the judgment of the District Court. We reverse that judgment and reinstate the order of the commission.

The pertinent facts about which there is no substantial dispute are as follows. The 72nd Street Pizza, Inc., which we will hereafter refer to as the applicant, is one of a chain of five pizza restaurants having a place of business in Omaha. Four previously established restaurants have liquor licenses. The applicant applied to the commission for an on-sale beer license for its recently established restaurant on 72nd Street. As required by statute, a copy of the application was sent to the city council which, pursuant to provisions of the statute, held a hearing and enacted a resolution which "recommended to said Liquor Control Commission to deny said license." The license applied for covered the period ending April 30, 1977. The city council transmitted its resolution to the commission.

Pursuant to the provisions of the applicable statutes, the commission notified the applicant of the time and place of hearing on its application, specifying in the notice that the hearing was being held for the "following reason(s):

"1.  Due to the action of the local governing body recommending denial of your application.

"2.  Due to protests having been filed against your application."

The protesters were individuals who were liquor license holders in the City of Omaha and who were also officers of a retail liquor dealers association.

The principal bases of their protest were (1) the city council recommendation for denial and (2) the license of one George Kahre which was sought to be "transferred" to the applicant was not a current existing license — no license having been issued to Kahre for the years 1975 or 1976.

The City of Omaha appeared at the hearing before the commission in resistance of the application. It presented to the commission a letter which stated in part: "The City Clerk was instructed to inform the Nebraska Liquor Control Commission that the only reason for the denial was due to the fact that, in essence, to vote to recommend the issuance of a license to sell beer on the premises from an Off Sale License would in effect be recommending a new license. This was the only reason the City Council voted to deny the application for the On Sale Beer License."

The city resisted issuance of the license by the commission because of a policy established by ordinance (which will be discussed in more detail later), limiting the number of liquor licenses in the City of Omaha. It was stipulated to the commission by the applicant and the city that: ". . . it was only the technical requirements of the ordinance which required them to recommend a denial, and if it had not been for that, that the favor of the City Council would have been in sympathy with and in favor of the issuance of that license at this location . . . ."

The ordinance in question was not received into evidence at the commission hearing, but was offered and received in the District Court as were the records of the proceedings and the exhibits received in the hearing before the commission.

On appeal to the District Court additional evidence was received. This consisted principally of the ordinance of the city establishing its policy with reference to recommendations to the commission for the issuance of licenses and its policy limiting the num-

ber of licenses. Briefly summarized, this ordinance provided that the total number of liquor licenses within the corporate limits should be limited to: ". . . one (1) 'Class C Liquor License' [liquor by the drink] for each One Thousand (1,000) inhabitants," and (2) one license "of all other classifications of retail alcoholic liquor licenses combined for each Fifteen Hundred (1,500) inhabitants . . . ." § 18.24.010, Ordinance 19531, City of Omaha. The ordinance contained a provision for an annual estimation of population upon which the foregoing limitations were to be based. The ordinance recognized the fact that at the time of the enactment of the ordinances the number of licenses then extant exceeded the number set by the ordinance. It further provided for reducing the number of licenses to meet the policy limitations by what we will call a policy of "attrition" founded on the premise that in the course of time some licenses would be "revoked, surrendered or not renewed." § 18.24.020, Ordinance 19531, City of Omaha.

The ordinance also contained a provision which is described by the parties as providing for holding unrenewed and unused licenses in "abeyance" for a period of time, to wit, the next possible license period. The apparent purpose of this latter provision was to assist a licensee or recent licensee in selling the assets of his liquor business, a market for which would not exist except for the prospect that a purchaser would be able to procure a license of his own if he did purchase the business. This provision seems to provide a form of legal approval to the "transfer" of liquor licenses, extending it to include the so-called license held in abeyance, and recognizes the notorious fact that contracts for the sale of a liquor business almost always contain provisions making the sale contingent upon the issuance of a license by the commission to the purchaser. The ordinance provides that if "renewal" (an apparent

euphemism for the term transfer) is not requested within the prescribed period, then the issuance of the license will not be recommended to the commission by the city council.

Another provision of the ordinance provides: "Nothing contained in this Chapter, however, shall be construed to prevent the City Council from recommending a retail alcoholic liquor license to a bona fide purchaser of a business belonging to a person now or hereafter holding a license . . . ." § 18.24-030, Ordinance 23875, § 1, City of Omaha.

The record before us shows that previous to and at the time the applicant applied for its license, the number of existing licenses within the corporate limits of the City of Omaha exceeded the number of licenses provided for in the portion of the ordinance limiting the number of licenses. The record would support the conclusion that the cause of that situation is that the attrition policy had not worked and, also, that because of annexations to the City of Omaha, licenses held outside the city limits came to be included in those in the city. As to the latter, of course, when those licenses were originally issued the city had no recommending power.

The basis of the District Court's holding, condensed to its essence, is that the city council's recommendation to the commission of denial of the license was based upon a misinterpretation of its own ordinance and was therefore arbitrary and unreasonable; and that since the commission based its refusal to issue a license upon the city's recommendation of denial, the commission order itself was "inadvertent" and without basis in law or fact and was therefore arbitrary and unreasonable. Among the District Court's findings was the conclusion that it was the practice of the city council, in determining the total number of licenses in either of the two classifications previously mentioned, to include those licenses described as held in abeyance. That term it-

self is not used in the ordinance. The trial court also found that in the second classification, to wit, "all other licenses," it was the city council's practice to permit the transfer of one license of the same type for another license of the same type. The effect of the District Court's holding is that it was arbitrary and unreasonable for the city council not to permit what is referred to as "upgrading" a license, that is, in this case permitting a substitution of an "on-sale" for an "off-sale" license then being held in abeyance. The ordinance itself does not contain a prohibition against such transfers. The District Court interpreted the ordinance to mean that transfers in the second classification from one kind of license to another could be freely made.

While the record discloses other grounds upon which the commission might have denied the license, e. g., the "abeyance" policy would seem to conflict with the legislative policy defining the nature of a liquor license in sections 53-149 and 53-150, R. R. S. 1943, and such policy would seem not to bind the commission, the stated ground was the city council's recommendation for denial. The purchase contract between applicant and Kahre pertained only to equipment and not to liquor inventory. It refers in the equipment as "formerly used in conjunction with his sale of beer" and refers to relinquishment of a "license formerly located at 5440 North 42nd Street." It appears probable that the commission, in stating the ground for denial, was relying upon previous opinions of this court which have explicitly held that the negative recommendation of a city council, founded upon its policy of limiting the number of liquor licenses, affords a sufficient evidentiary basis upon which the commission may deny a license. Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N. W. 2d 413; J K & J, Inc. v. Nebraska Liquor Control Commission, 194 Neb. 413, 231 N. W. 2d 694.

Although citing no specific authority, the District Court may well have relied upon two recent opinions of this court in which we directed the commission to issue liquor licenses. In the first such case, Hadlock v. Nebraska Liquor Control Commission, 193 Neb. 721, 228 N. W. 2d 887, the District Court had set aside an order of the commission denying an application and directed it to hold a new hearing. We affirmed the portion of the order of the District Court setting aside the order of the commission denying the application, but we reversed the part of the order directing a new hearing and substituted therefore a direction that the license be issued. Our decision in that case, however, was founded upon a special provision of the statute, to wit, section 53-132 (1), R. R. S. 1943, under which licenses are to be issued as a matter of course. The effect of that section is to provide for routine issuance of a license where there is no recommendation of denial by the city council and no objections are filed. We there held that the issuance "as a matter of course" provision applied because a resolution of denial by the city council was invalid for the reason the resolution received two affirmative votes and one negative vote, there was one abstention, and one councilman was absent. That holding obviously has no application here. The other case in which we affirmed a District Court decision overturning a denial by the commission was J K & J, Inc. v. Nebraska Liquor Control Commission, *supra*. That opinion was grounded upon our finding that provisions of the Administrative Procedures Act govern commission hearings and orders, and we found that the applicant had no notice or opportunity to present evidence on the issues it was required to meet at the commission hearing. We therefore held that due process had been denied and that it followed that denial was arbitrary and unreasonable and we directed that the license be issued. Upon reexamination of our opinion in that case we are con-

vinced that we erred in mandatorily directing the issuance of a license. The remedy in that case should have been an order to the commission in the alternative, that is, afford the applicant notice of the issues it was required to meet and an opportunity to be heard thereon, or issue it a license. In that particular case the issue involved an unformulated and previously unannounced policy of the commission to limit the number of licenses in the City of Fremont. The applicant had been afforded no notice, nor any opportunity to meet that issue. We overrule J K & J, Inc. v. Nebraska Liquor Control Commission, *supra*, insofar as it conflicts with our acknowledgment of error above set forth.

Condensed to its essence, the question is whether the action of the commission becomes arbitrary and unreasonable because the commission relied upon the city council's recommendation for denial, which, if one accepts the applicant's and the District Court's interpretation of the ordinance, was itself contrary to the policy established by the ordinance of limiting the number of licenses.

We believe that an examination of some of the fundamental principles applicable to the powers and functions of the commission lead us to the proper answer to the question. The power to regulate the sale, et cetera, of alcoholic liquors is vested by statute exclusively in the commission. § 53-116, R. R. S. 1943; J K & J, Inc. v. Nebraska Liquor Control Commission, *supra*; T & N P Co., Inc. v. Nebraska Liquor Control Commission, 189 Neb. 708, 204 N. W. 2d 809. The policy of a municipality limiting the number of licenses to be issued is not binding on the commission. City of Lincoln v. Nebraska Liquor Control Commission, 181 Neb. 277, 147 N. W. 2d 803; J K & J, Inc. v. Nebraska Liquor Control Commission, *supra*. We have held that, without regard to the statutory provisions calling for trial de novo in the District Court of decisions of the Nebraska Liquor Control

Commission, the court does not exercise independent judgment on fact and policy. T & N P Co., Inc. v. Nebraska Liquor Control Commission, *supra*; C & L Co. v. Nebraska Liquor Control Commission, 190 Neb. 91, 206 N. W. 2d 49. See, also, Scott v. State ex rel. Board of Nursing, 196 Neb. 681, 244 N. W. 2d 683. After an administrative hearing the Nebraska Liquor Control Commission must base its findings and orders on a factual foundation in the record of the proceedings, and the record must show some valid basis on which a finding and order may be premised. J K & J, Inc. v. Nebraska Liquor Control Commission, *supra*. If there is no evidence in the record to support the order it must be held to be unreasonable and arbitrary. J K & J, Inc. v. Nebraska Liquor Control Commission, *supra*. We have held that the recommendation of the city council that the commission deny a license affords a sufficient evidentiary basis to support the commission's action. Allen v. Nebraska Liquor Control Commission, *supra*.

The District Court's interpretation of the ordinance, that the effect of that portion of the ordinance setting up two categories and limiting the number of licenses permitted in each category was to prevent the city from attempting to control the kinds of licenses in the second category, does not stand up upon close examination. That interpretation is only one possible interpretation, for the ordinance does not expressly cover the matter. Since it does not, determination of policy was initially for the city council to determine and then finally the commission and not for the court. Under these circumstances it was not proper for the court, under the principles we have cited, to substitute its judgment for that of the commission.

We adhere to our holding that the recommendation of the city council to the commission that a license be denied affords a sufficient evidentiary basis for an order of the commission denying the li-

cense. Allen v. Nebraska Liquor Control Commission, *supra*.

REVERSED.

WHITE, C. THOMAS, J., dissenting.

Appeal from a decision of the Liquor Control Commission denying the issuance of a license is controlled by the provisions of section 53-1,116, R. R. S. 1943. "The appeal, provided for or referred to in subsections (5), (6), and (7) of this section, shall be heard and tried de novo in the district court in the manner provided for the trial of suits in equity. Additional testimony may be introduced at the hearing on appeal." Subsection (5) of that section provides: "Any decision of the commission granting or refusing to grant or revoking or refusing to revoke or renew a license or permit for the sale of alcoholic liquors, including beer, may be reversed, vacated, or modified by the district court of the county where the applicant for a license * * * resides." This court has held that on trial de novo, the court should not reverse the order of the Nebraska Liquor Control Commission unless its action was unreasonable or arbitrary. See T & N P Co., Inc. v. Nebraska Liquor Control Commission, 189 Neb. 708, 204 N. W. 2d 809.

At the trial in the District Court, the Omaha city ordinance was introduced in evidence as was the recommendation of the city council of Omaha, Nebraska, for denial. The recommendation was based solely on the city council's interpretation of its own ordinance. The trial court had before it the ordinance and placed a construction thereon which appears both reasonable and correct. It held that the city council had misinterpreted its own ordinance. Therefore, the commission had based its denial of the liquor license on the recommendation of the city council which misinterpreted its own ordinance. There was, therefore, no evidence on which a denial of the application could be sustained. Without addressing itself directly to the correctness of the Dis-

trict Court's interpretation, the majority opinion merely suggests that the interpretation placed on the ordinance by the District Court was one of several possible interpretations. It emphasizes that the city council did, in fact, recommend a denial of the application and refuses to consider the reasons for the recommendation.

Without, at this time, questioning the accuracy of the rule announced in T & N P Co., Inc. v. Nebraska Liquor Control Commission, *supra*, I specifically object to the majority's partial overruling of J K & J, Inc. v. Nebraska Liquor Control Commission, 194 Neb. 413, 231 N. W. 2d 694. There is no question that under the plain terms of the statute, the District Court had the power to do what it did, that is, to order the commission to issue a license. To restate subsection (5) of section 53-1,116, R. R. S. 1943: "Any decision of the commission * * * refusing to grant * * * a license or permit for the sale of alcoholic liquors, including beer, *may be reversed, vacated, or modified by the district court * * *.*" (Emphasis supplied.) It ought to be elementary that if the District Court possesses such power, this court also does. It is suggested that this court has no power on appeal in an appropriate case to give the relief which the District Court should have granted in the first instance. Our appellate authority is not so limited. The District Court was correct in directing the granting of the license. The most that may be said for the majority position is that the question of the correct interpretation of the ordinance ought to be met and, if the District Court's interpretation was correct, to remand the matter to the Liquor Control Commission with directions to consider anew the question of its denial of the license.