WILLIAM B. ORTMAN ET AL., DOING BUSINESS AS ORTMAN'S GAS MART, APPELLEES, v. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLANT.

278 N. W. 2d 338

Filed May 1, 1979. No. 42130.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellant.

Koenig & Murray, for appellee.

Heard before BOSLAUGH, MCCOWN, BRODKEY, and WHITE, JJ., and KNAPP, District Judge.

WHITE, J.

This is an appeal by the Nebraska Liquor Control Commission from the order of the District Court for Thayer County which overturned the Commission's order denying appellees Ortmans' application for a retail beer license, off-sale only. The city council of Hebron, Nebraska, had recommended approval of the license. The protest was filed against the application by an agent of the Nebraska Liquor Control Commission. Prior to the hearing, in a letter dated August 11, 1977, the appellees were advised of the issues to be considered at that hearing which were as follows: "1. The need for an additional license within the community. 2. The propriety of issuing a license to be utilized in connection with a gas station." The appellees were advised and the Commission did take judicial notice from its records that there were two on and off-sale beer licenses, two nonprofit corporation licenses, one on-sale beer license and two package liquor licenses existing within the community of Hebron, Nebraska. At the hearing on September 8, 1977, after finding the above judicially noted facts, the Commission found that these licenses currently in existence adequately served the needs of the community, and that the application should be denied. Neither the city of Hebron, the Legislature, nor the Commission has ever established any definitive policy relating to population-license ratios or absolute limits on the number of licenses as was present in Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N. W. 2d 413. This case is controlled by Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission, *ante* p. 176, 277 N. W. 2d 693, in which we said: "The final reason given by the Commission was that there are 38 package licenses in Columbus, therefore there was no need for this license. This is suggestive of a requirement that there be a showing of public convenience and necessity such as is neces-

sary to obtain permits and licenses in the public utility and service area. Nowhere in the statutes relating to the liquor laws is there any such requirement." Had a ratio or limiting theory been adopted prior to the hearing in this case, the burden would be on the appellees to show such action limiting the number of licenses to be unreasonable or arbitrary. See Allen v. Nebraska Liquor Control Commission, *supra*. But no such regulation was in effect. The only basis for the denial as announced by the Commission being an absence of need, there was no sufficient reason to deny an otherwise proper application for a liquor license. See Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission, *supra*.

The finding of the District Court is correct and is affirmed.

AFFIRMED.