280 N.W.2d 61 (1979)
203 Neb. 776
Ernest D. HARRIGFELD, Appellant,
v.
NEBRASKA LIQUOR CONTROL COMMISSION, Appellee.
No. 41939.
Supreme Court of Nebraska.
June 19, 1979.
*62 Norris G. Leamer, South Sioux City, for appellant.
Paul L. Douglas, Atty. Gen., and Terry R. Schaaf, Lincoln, for appellee.
Heard before BOSLAUGH, BRODKEY, and WHITE, JJ., and SPENCER, Retired Justice, and COADY, District Judge.
COADY, District Judge.
Ernest Harrigfeld, petitioner-appellant herein, applied for a retail beer license from the Nebraska Liquor Control Commission, appellee herein and hereinafter referred to as the Commission. In accordance with statutory procedure, the application for this rural license was referred to the Dakota County Board of commissioners. After a hearing with other protesting parties present, the county commissioners unanimously recommended that the license be issued.
Persons against the issuance of said license then filed written objections with the Commission setting forth, among other things: "3. That the road leading to applicant's premises is a long, winding and narrow country road with steep ditches along each side and several accidents have already occurred * * * that the narrow road in question is not sufficient to allow for heavy traffic." The plaintiff was further notified of the time and place of the statutory hearing to be had before the Commission due to the protest filed. At that hearing, evidence was taken and upon completion thereof, the Commission denied the application because "protests were filed" and "the proposed premises is in an area that would be difficult for law enforcement and that the access road is long and dangerous and hazardous."
Petitioner appealed the Commission's negative decision to the District Court for Dakota County and attempted there to introduce, for the first time, testimony by three witnesses. The District Court declined to hear those witnesses, the petitioner made a proper offer in regard to their evidence, and the case was tried upon the record made before the Commission. The District Court affirmed. The petitioner appeals to this court and we affirm the District Court.
This case involves questions raised concerning the issuance of a liquor license, as opposed to issues involved in the revocation or suspension of a license.
In 1959, the Legislature required that applications for liquor licenses be filed with the Commission rather than with local authorities. Appeals from such applications were taken in accordance with the ancestor of section 53-1,116(8), R.S.Supp., 1978, which likewise provided that appeals from the Commission "shall be heard and tried de novo in the district court in the manner provided for the trial of suits in equity. Additional testimony may be introduced at the hearing on appeal." Courts were denied authority to interfere unless there was an abuse of discretion by the Commission and the Commission's decisions were to be sustained unless its action is shown to be "unreasonable or arbitrary." Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N.W.2d 413 (1966); City of Lincoln v. Nebraska Liquor Control Commission, 181 Neb. 277, 147 N.W.2d 803 (1967). The two cited cases so held on the facts set forth therein.
A subsequent case, Flamingo, Inc. v. Nebraska Liquor Control Commission, 185 Neb. 22, 173 N.W.2d 369 (1969), concerned a *63 venue question. But its language and determination placed suspension appeals, as opposed to issuance and revocation appeals, under section 84-917, R.R.S.1943. That case specifically said, "Since it is not a revocation, a suspension is not governed by section 53-1,116 R.R.S.1943." This decision was followed by subsequent cases concerning Chapter 84 or suspension cases. See, The 20's, Inc. v. Nebraska Liquor Control Commission, 190 Neb. 761, 212 N.W.2d 344 (1973); O'Connor v. Nebraska Liquor Control Commission, 191 Neb. 436, 215 N.W.2d 635 (1974); Tri-City Beer Co. v. Nebraska Liquor Control Commission, 195 Neb. 278, 237 N.W.2d 852 (1976).
The issuance or revocation cases continued to follow the Chapter 53 type of appeals. This court applied the "unreasonable or arbitrary" test in T & N P Co., Inc. v. Nebraska Liquor Control Commission, 189 Neb. 708, 204 N.W.2d 809 (1973). Petitioner in that case wanted this court to hear the matter de novo, but it was said in reference to section 53-1,116, R.R.S.1943, that "The statutory provision refers to the procedure on the trial of the appeal rather than the determination of the appeal." This line of cases continues in C & L Co. v. Nebraska Liquor Control Commission, 190 Neb. 91, 206 N.W.2d 49 (1973), and Eleven Eighteen Co. v. Nebraska Liquor Control Commission, 191 Neb. 572, 216 N.W.2d 720 (1974).
At this point, it seems clear that in Chapter 53 cases, the District Courts could and did take additional evidence and then limited their findings to whether the Commission's decision was unreasonable or arbitrary. On the other hand, section 84-917, R.R.S.1943, applies to license suspension cases and the District Court was limited to a review of the record.
The Commission would have us believe that three cases decided by this court have merged suspension and revocation appeals into one, i. e., Chapter 84. We would point out that in J K & J, Inc. v. Nebraska Liquor Control Commission, 194 Neb. 413, 231 N.W.2d 694 (1975), it was said "The issue before us on appeal is whether, on the record, the action of the commission in denying the application was unreasonable and arbitrary." We would also point out that Winkelmann v. Nebraska Liquor Control Commission, 198 Neb. 481, 253 N.W.2d 307 (1977), and 72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission, 199 Neb. 729, 261 N.W.2d 614 (1978), on the facts therein, stand for the rule that it is not unreasonable or arbitrary for the Commission, when petitioned for a license, to rely on the mere recommendation of a city council. This black letter law was established long ago in Allen v. Nebraska Liquor Control Commission, supra. The most that the Commission can ask is that we merge two statutory procedures. This court, in division, declines to do so.
In this particular case, we will assume that the Commission has some rule or policy that a license should not be granted to a restaurant at the end of a dangerous access road. That seems to be rational and, in any case, the propriety of such a rule has not been made an issue here.
The Commission took evidence indicating that the applicant's property is on the Missouri River. It consists of a boat dock and small restaurant where food, mostly fish, is consumed by the public. The restaurant is situated at the end of a county road about 6 miles from Jackson, Nebraska. There is evidence that the road is used by school children, is well maintained, is graveled, and the ditches are not steep. There is also conflicting evidence that the ditches are steep, that the road is very narrow, and that there are six 90-degree turns within 7 miles. Pictures were offered and received showing, among other things, that trees stand on the very edges of the traveled portion of the road.
The Nebraska Liquor Control Commission has broad discretion in determining whether applications for licenses should be granted or denied. Courts are without authority to interfere with that discretion unless it has been abused. T & N P Co., Inc. v. Nebraska Liquor Control Commission, supra. Where the record of the proceedings before the Nebraska Liquor Control Commission contains no evidence to *64 justify an order, the action must be held to be unreasonable and arbitrary. J K & J, Inc. v. Nebraska Liquor Control Commission, supra. The facts gathered in evidence by the Commission in this case are sufficient to establish that their ruling was reasonable and, therefore, not arbitrary.
The petitioner asks us to reverse or remand this case because the District Court refused to take additional evidence. In the District Court, the petitioner offered to prove that the Dakota County highway superintendent would testify as follows: "That the road * * * is well known to him * * * [the] road is graveled and level * * * the last four and a half miles of said road is a deadend road with no through traffic. * * * [It] is a U. S. Mail Route * * * all * * * except the last one and a half miles is a school bus route. A federal aid secondary route No. 3935 and a rural other arterial road. That according to the Nebraska State functional classification of roads, rural other arterial is the highest class of road under county jurisdiction and that compared with the rest of the Dakota County roads system said road is above average." We decline, in this instance, to reverse or remand because the District Court could not find that the Commission's determination was unreasonable and arbitrary even if every word of the testimony offered was believed. Error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and no judgment shall be reversed or affected by reason of such error or defect. §§ 25-853 and 27-103, R.R.S.1943.
Finally, we do not find it necessary, in view of our holding, to consider whether there is sufficient evidence to enforce the commission's findings that licenses should be denied where the location is in an area difficult for law enforcement or where protests against a license have been had. All other exceptions taken to the proceedings below have been considered and found not to merit written discussion.
The judgment of the District Court is affirmed.
AFFIRMED.
WHITE, J., dissents.
BOSLAUGH, J., concurs in the result.