FLAME BAR, INC., DOING BUSINESS AS FLAME BAR, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

281 N. W. 2d 390

Filed July 17, 1979. No. 42109.

J. Joseph McQuillan of McQuillan & Swartz, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and REIMER and HIPPE, District Judges.

REIMER, District Judge.

The appellant, Flame Bar, Inc., doing business as Flame Bar, is a closely-held family corporation in which Harry W. Whitney, president, and his wife, Nancy K. Whitney, treasurer, are the sole stockholders. The Whitneys bought the existing corpora-

tion from the predecessor licensee, Gladys A. Gibreal, in 1974, and operated under renewals in 1975, 1976, and 1977. Application was made by the appellant for renewal of the Class C license for the year beginning November 1, 1977, and by a four to three vote of the city council of the city of Omaha, under date of October 4, 1977, the application was approved. By letter to the Nebraska Liquor Control Commission under date of October 18, 1977, Larry L. Jones, an agent for the Commission, filed protest of the issuance of a liquor license to Flame Bar, Inc. The Nebraska Liquor Control Commission notified the licensee of the time and place of hearing and that such hearing was necessary by reason of a protest having been filed. This notice was supplemented by a letter to the licensee from the Commission which informed the licensee that the issues to be considered on the hearing were: "1. Whether or not this licensee has operated this premises in such a manner so as to become a nuisance to the City of Omaha. 2. Whether or not the licensee's character and reputation is such so as to cause him to become unfit to have his license renewed. 3. Whether or not the licensee is attempting to become a partner in another business applying for a liquor license without disclosing that fact to the Commission."

At the Commission hearing on November 2, 1977, evidence was received, on behalf of the applicant and the Commission, which resulted in an order denying the license and setting out specific findings. From an appeal to the District Court for Douglas County, Nebraska, in which the action of the Commission was affirmed, the applicant has appealed to this court. We affirm.

The Nebraska Liquor Control Act, as it related to the issues here presented, reads in part as follows: "No license of any kind shall be issued to * * * (2) a person who is not of good character and reputation in the community in which he resides, * * * (10) a

corporation, if any officer, manager or director thereof, or any stockholder, owning in the aggregate more than twenty-five percent of the stock of such corporation would be ineligible to receive a license hereunder for any reason other than citizenship and residence within the governmental subdivision;'' § 53-125, R. R. S. 1943.

The Commission has found from the evidence presented before it that the principal stockholder and manager of the Flame Bar, Harry W. Whitney, was "not of good character and reputation" within the meaning of the act and has refused the license.

"The purpose of the appeal is to review the action of the commission. The power to regulate is vested in the commission, not the courts. If the commission has not abused its discretion, the courts should not interfere." T & N P Co., Inc. v. Nebraska Liquor Control Commission, 189 Neb. 708, 204 N. W. 2d 809. "The Nebraska Liquor Control Commission has a broad discretion in determining whether or not applications for licenses for the sale of liquor will be granted or denied, and the courts are without authority to interfere unless there is an abuse of that discretion." City of Lincoln v. Nebraska Liquor Control Commission, 181 Neb. 277, 147 N. W. 2d 803; Allen v. Nebraska Liquor Control Commission, 179 Neb. 767, 140 N. W. 2d 413.

The testimony of Harry W. Whitney indicates he was well aware of the fact that his bar was used by known prostitutes: "Q. And why didn't you ask them to leave? A. Why didn't I ask them to leave? Q. Yes. A. They weren't doing anything wrong and they were sitting there having a drink. They hung around all over the neighborhood — the Hamilton Hotel, they lived there. You know, I didn't know if they were in there having a drink or if they were in there working. * * * Q. But you just admitted to me a moment ago that you didn't in the case of others that they really weren't causing any trouble,

they were just sitting around. A. The ones that didn't cause — if they were loud or if — I've had this happen. Somebody would go out with the girls in there and they'd come back and say, 'I gave this girl some money inside the bar and went outside and she ran up the street.' If they'd come back I'd say, 'I never want you in here again.' "

It is obvious Mr. Whitney saw nothing wrong with quiet, business-like prostitution and it was also, indirectly, good for his business. He cooperated with vice squad officers only when it appeared that he might lose his license. He was also convicted of violating city of Omaha municipal code section 98-149, "Providing Gambling Facilities," for an offense occurring in the Flame Bar. Notwithstanding the generous personal recommendations of longtime personal friends of Mr. Whitney, the Commission had the obligation to closely examine the character of business Mr. Whitney operated in the Flame Bar, and on this record it is not an abuse of discretion by the Commission to find that Harry W. Whitney was a person "not of good character" for purposes of operating a licensed liquor store. The denial by the Commission was neither arbitrary nor unreasonable. C & L Co. v. Nebraska Liquor Control Commission, 190 Neb. 91, 206 N. W. 2d 49.

The order of the Nebraska Liquor Control Commission denying this license, which order was affirmed by the District Court, is affirmed.

AFFIRMED.

KRIVOSHA, C. J., dissents.