KERREY'S, INC., A NEBRASKA CORPORATION, APPELLEE,
v. NEBRASKA LIQUOR CONTROL COMMISSION,
APPELLANT.
329 N.W.2d 364

Filed January 28, 1983. No. 82-636.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellant.

Robert F. Peterson of Lydick & Peterson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The Nebraska Liquor Control Commission denied the application of Kerrey's, Inc., for a class C liquor license. On appeal to the District Court, the commission's order of March 25, 1982, was reversed and it was directed to issue the license. The commission has appealed to this court, assigning as error the allocation of the burden of proof by the District Court and the absence of competent evidence to support its order.

The only protest filed as to the plaintiff's application for the 2510 South 132d Street, Omaha, Nebraska, location was a perfunctory jurisdictional one entered by the commission's executive director. The notice of hearing before the commission stated the issues to be decided as: (1) The effect of the absence of a recommendation from the local governing body, and (2) Whether the applicant could demonstrate that the issuance of the license is required by the present or future public convenience and necessity, as provided for in Neb. Rev. Stat. § 53-132 (Cum. Supp. 1982).

Taking up the second issue first, we need mention only two things. First, there was substantial evidence presented by the plaintiff at the hearing before the commission in support of the public convenience and necessity question and no evidence whatsoever in opposition thereto or to the granting of the application. Second, in support of its findings that the application should be denied, the commission mentioned only that the local governing body "was not in favor of the issuance of this license and had as a matter of fact voted to recommend denial." Therefore, it seems quite apparent from the record that, for the purpose of this appeal, we may assume that the applicant has sustained its burden of proving public convenience and necessity.

An examination of the record discloses that the findings of the commission just mentioned are not fully supported by it. There was no formal filing by the city of Omaha with the commission of any document or information touching upon this application. The only reference to any action of the Omaha City Council is contained in the testimony of the sole witness at the hearing, the secretary-treasurer of Kerrey's, Inc. After establishing that he was present at the council meeting at which this particular matter was discussed, the following questions and answers between counsel and the witness occurred: "Q And at the time you were there, what decision did they

render? A They rendered, to my understanding, based on the Omaha City Ordinance, that they could not approve the issuance of a new license. . . . Q It was your understanding, then, that it was only the ordinance that caused them to not be able to make a favorable recommendation. A Yes."

Read in a literal sense, the most that can be said about the action of the Omaha City Council is that it refused to approve the application or that it was not able to make a favorable recommendation. In *Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission,* 203 Neb. 176, 181, 277 N.W.2d 693, 696 (1979), we said: "In this case, a resolution recommending approval failed to receive a majority vote; it was clearly ineffective to constitute any official action of the governing body; amounted to no recommendation at all; and does not furnish competent evidence upon which to base a denial of a liquor license application by the Commission."

Beyond that, we believe that it is not too much to ask that a local governing body, if it is actually interested in the denial of a license application, furnish the commission with some evidence of official action on its part. "The vote here was clearly ineffective to constitute any *official* action of the governing body." (Emphasis supplied.) *Hadlock v. Nebraska Liquor Control Commission,* 193 Neb. 721, 727, 228 N.W.2d 887, 891 (1975).

It is true, as stated by the commission, that a recommendation of a local governing body that a license should be *denied,* standing alone, provides sufficient evidentiary basis on which the commission might deny an application for a liquor license. *72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission,* 199 Neb. 729, 261 N.W.2d 614 (1978). However, the statement in *Hadlock, supra* at 728, 228 N.W.2d 891-92 is more apropos of this situation: "Here the Nebraska Liquor Control Commission found that the local governing body had recommended denial of the application, and it based its

own decision on that assumed fact. If true, that fact would have constituted valid grounds for denial of the application. However, there is no evidence to support that finding, nor is there any other evidence in the record which could have constituted valid grounds for denial. To the contrary, the evidence established that the purported recommendation of denial by the city counsel [sic] was wholly ineffective to constitute official action by the city. At best it could only be treated as a failure to act. Under such circumstances, the order of denial was arbitrary and unreasonable."

We agree that the burden is on the applicant for a liquor license to prove its fitness and willingness to provide the service proposed, its ability to conform to the rules and regulations of the Nebraska Liquor Control Act, that the management and control exercised over the premises will insure compliance with such rules and regulations, and that the issuance of the license is or will be required by the present or future public convenience and necessity, as provided for in § 53-132(2). However, such burden does not necessarily include that of obtaining the approval or recommendation of the local governing body. As demonstrated by the cited case authorities, and § 53-132(3), such evidence may be considered by the commission in making its determination as to whether or not the license application should be approved, and evidence of a recommended denial *may* be sufficient to justify its own denial. In the absence of a statutory requirement to that effect, we will not impose such burden on the applicant by judicial fiat.

The judgment of the District court is correct and is affirmed.

AFFIRMED.