ROBERT CHARLES MCCHESNEY, APPELLEE, V. CITY OF
NORTH PLATTE, APPELLEE, AND NEBRASKA LIQUOR
CONTROL COMMISSION, APPELLANT.
343 N.W.2d 925
Filed February 10, 1984.   No. 83-015.

Paul L. Douglas, Attorney General, and Terry R.
Schaaf, for appellant.

John A. Gale of Girard and Gale, for appellee
McChesney.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.
The appellee, Robert Charles McChesney, filed an

application with the appellant, Nebraska Liquor Control Commission, for a retail off-sale beer license to be located at a Kwik Stop facility at Jeffers and B Streets in North Platte, Nebraska. On the basis of a finding that the "local governing body recommended denial of said application," the application was denied. On appeal to the district court the decision of the commission was reversed and a license was ordered to be issued. The commission has appealed.

The main proposition of law relied upon by the commission is the statement that a recommendation of denial by a local governing body, standing alone, affords a sufficient basis to support an order of the commission denying an application for a liquor license. Cited as authority for that proposition are *Kerrey's, Inc. v. Neb. Liquor Control Comm.*, 213 Neb. 442, 329 N.W.2d 364 (1983), and *72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission*, 199 Neb. 729, 261 N.W.2d 614 (1978). This court has made statements to that effect, but each must be examined in the context in which it was uttered.

The basis upon which the later pronouncements were made appears to be the case of *Allen v. Nebraska Liquor Control Commission*, 179 Neb. 767, 140 N.W.2d 413 (1966). That case held that the commission could rely on the adverse recommendation made by a city council based on its existing ordinance limiting the number of liquor licenses to be issued within that city. This court said: "Under the Nebraska Liquor Control Act the commission is required to seek the recommendation of the city as regards the grant or denial of an application within 30 days. The effect of this provision is to afford evidence to sustain or deny an application, as the case may be, even though the commission is not bound by the recommendation." *Id.* at 772, 140 N.W.2d at 416.

*Allen* was cited as authority in *72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission, supra*, in which we *held* that the recommendation of the

city council founded upon a policy expressed by ordinance limiting the number of licenses affords a sufficient evidentiary basis to support the Nebraska Liquor Control Commission's action. Unfortunately, we did not so limit our language in the body of the *72nd Street Pizza* opinion, wherein we said: "We adhere to our holding that the recommendation of the city council to the commission that a license be denied affords a sufficient evidentiary basis for an order of the commission denying the license." *Id.* at 738-39, 261 N.W.2d at 619.

That statement was repeated in *Kerrey's, Inc. v. Neb. Liquor Control Comm.*, *supra*, but was simply dicta, used partially to support our holding that the record did not disclose a negative recommendation by the Omaha City Council but simply a refusal to approve the application, citing *Joe and Al's IGA, Inc. v. Nebraska Liquor Control Commission*, 203 Neb. 176, 277 N.W.2d 693 (1979). Our holding in *Kerrey's, Inc.*, was that although Neb. Rev. Stat. § 53-132 (Cum. Supp. 1982) provides that evidence of the recommended denial of a license made by the local governing body *may* be sufficient to justify a denial made by the commission, the burden was not on the applicant to obtain the approval or recommendation of the city council.

All of which finally points up the fact that since *Allen*, *72nd Street Pizza*, and *Joe and Al's IGA* have been decided, the Legislature has incorporated some rather radical changes in the procedure when considering a license application. Section 53-132, amended in 1981, now provides that a license shall be issued to any qualified applicant if it is found by the commission that such applicant possesses certain qualifications and that "(2) . . . (d) the issuance of the license is or will be required by the present or future public convenience and necessity."

That section goes on to provide that in making the foregoing determination the commission shall consider 10 different factors, including the recommen-

dation of the local governing body. We therefore believe that, along with population, nature of the neighborhood, the existence of other retail licenses, zoning restrictions, and sanitation conditions, the commission shall consider the recommendation of the local governing body. The arbitrary recommendation of denial made by a city council, based only on the belief that there are sufficient licenses, does not now, if it ever did, standing alone, justify the denial of an otherwise valid application.

In this case efforts by the North Platte City Council to pass an ordinance limiting the maximum number of licenses to be issued for North Platte failed on a January 15, 1980, vote of 6 to 2. However, when requested to make a recommendation as to the issuance of the license in this particular case, the council, on May 4, 1982, by a 5 to 2 vote, recommended that this particular application be denied because "[t]here is already a sufficient number of Liquor outlets in North Platte."

At the hearing before the commission, according to the affidavit of an officer of Kwik Stop Food Stores, Inc., a number of customers had expressed a desire to be able to buy beer at the same time and place as they purchase gasoline and food, and that some people prefer to buy beer at a beer-only facility rather than at a regular liquor store. There was also testimony that there was in existence a package liquor store 2 blocks to the north of the proposed location, another one 2½ blocks to the north, and a third license 4 blocks to the south.

In spite of the statutory requirement that the commission consider whether the issuance of the license is or will be required by the present or future public convenience and necessity, the commission refused to issue the license on the only expressed ground that "the local governing body recommended denial of said application."

As we read § 53-132, the commission may deny a license application only if the applicant is not "fit,

willing, and able to properly provide the service proposed," or cannot "conform to all provisions, requirements, rules, and regulations," or has not "demonstrated that the type of management and control exercised over the licensed premises will be sufficient," or that "the issuance of the license is [not] or will [not] be required by the present or future public convenience and necessity."

Neither this court nor the district court is entitled to review the record de novo to make those enumerated findings itself. Rather, on appellate review we determine only whether the findings of the commission are supported by substantial evidence or whether they were arbitrary or capricious. Neb. Rev. Stat. § 84-917 (Reissue 1981). However, the failure of the commission to make the findings of fact and conclusions of law required by Neb. Rev. Stat. § 84-915 (Reissue 1981) does not make its order void, but only irregular. *Prigge v. Johns*, 184 Neb. 103, 165 N.W.2d 559 (1969).

On the basis of the record presented here, the district court should not have ordered the license to be granted. *72nd Street Pizza, Inc. v. Nebraska Liquor Control Commission*, 199 Neb. 729, 261 N.W.2d 614 (1978). It should have remanded the cause to the commission, with directions to make the findings of fact and conclusions of law specified in § 53-132 in support of its order to be made.

The judgment of the district court is reversed, and the cause is remanded with directions to the district court to remand the case to the commission to make findings of fact and conclusions of law supporting the order which it may issue.

REVERSED AND REMANDED
WITH DIRECTIONS.