IMOGENE M. RICHARDS, DOING BUSINESS AS SMOKEHOUSE
SALOON, APPELLANT, V. NEBRASKA LIQUOR CONTROL
COMMISSION, APPELLEE.

378 N.W.2d 667

Filed December 27, 1985.   No. 84-788.

Rebecca E. Miller of Miller Law Office, for appellant.

A. Eugene Crump, Deputy Attorney General, and Terry R. Schaaf, for appellee.

BOSLAUGH, HASTINGS, and GRANT, JJ., and BRODKEY, J., Retired, and RIST, D.J.

RIST, D.J.

This is an appeal by Imogene M. Richards, doing business as Smokehouse Saloon, from the order of the district court for Lancaster County, Nebraska, affirming the order of the Nebraska Liquor Control Commission denying her application for a retail Class C liquor license in the village of Axtell, Nebraska.

The record reflects that the applicant first applied for such license on May 4, 1983. The village board of Axtell held a special meeting, following which it recommended that the application be denied. On June 29, 1983, the commission notified appellant that it would hold a hearing on July 14, 1983,

to consider the action of the village board recommending denial of the application and whether appellant could demonstrate that such license was required by the present or future public convenience and necessity as required by Neb. Rev. Stat. § 53-132(2)(d) (Cum. Supp. 1982). Following this hearing, the commission, on July 15, 1983, entered its order finding in part that the commission had considered all of the evidence presented pertaining to all of the factors enumerated in § 53-132(3), found that the applicant had not met the burden of establishing that the issuance of the license would satisfy a present or future public convenience and necessity, and denied the application.

Appellant appealed this order to the district court for Lancaster County, Nebraska, which court, after hearing, entered its order on March 26, 1984, affirming the denial of the application. No appeal was taken from this affirmance.

On April 3, 1984, appellant filed a second application with the commission for such license. No public hearing was held thereon by the village board because of a temporary restraining order obtained by appellant in the district court for Kearney County, Nebraska, ostensibly because of a faulty published notice of hearing for such meeting, and no action was taken by the village board with respect to the second application.

A hearing was held by the commission on May 17, 1984, to consider the second application, at which appellant was again represented by counsel. It was stipulated by appellant's counsel and counsel for the village of Axtell and the commission that the entirety of the record concerning the previous application be included in the record of the second hearing for consideration by the commission, and was so received. Additional evidence was also received on behalf of both the appellant and those opposing the granting of the application.

On May 22, 1984, the commission entered its order, which contained the following findings:

1. That the local governing body [of the village] made no recommendation.
2. That a citizens protest was filed against said application.
3. That in a previous application this Commission found

that this license was not required by the present or future public convenience and necessity and this finding was upheld by the Lancaster County District Court.

4. That there does not appear to have been a change in circumstances since the original application sufficient to alter the conclusion as to need previously made.

The commission thereupon denied the second application.

Appellant appealed to the district court for Lancaster County, Nebraska, where hearing was held August 27, 1984. At that hearing appellant offered into evidence the record before the commission on its hearing of the second application, which included not only the proceedings in evidence of that hearing but also all of the records and evidence respecting the hearing on the first application before the commission and the record before the district court for Lancaster County, Nebraska, respecting that first application. All such exhibits were received.

Following the hearing of August 27, 1984, the district court entered its order on September 5, 1984, which, after noting the standard of review and the appellant's burden, found that the commission in considering a previous application by appellant for the same location had determined that appellant failed to carry her burden of proof, which determination had been affirmed by the district court, and that with respect to the second application, the commission had not found sufficient changes in circumstances since the time of the first application to alter or change its previous findings that appellant had not sustained her burden. The court further found in reviewing the evidence presented at the second hearing before the commission that the commission had not acted unreasonably or arbitrarily in denying the second application, and affirmed the commission's denial thereof.

From this latter order appellant now appeals to this court, assigning as error: (1) The trial court erred in finding the record before the commission contained competent evidence upon which denial of the application could be premised. (2) The trial court erred in finding the record before the commission contained competent evidence upon which the commission

could find appellant failed to meet the criteria of § 53-132(2)(d). (3) The trial court erred in failing to find appellant had been denied due process when she had not been given notice or opportunity to present evidence on issues she was required to meet.

At the hearing before the commission, appellant had the burden of proof to show that the issuance of the license is or will be required by the present or future public convenience and necessity. § 53-132(2)(d); *Kerrey's, Inc. v. Neb. Liquor Control Comm.*, 213 Neb. 442, 329 N.W.2d 364 (1983).

A review of the evidence received by the commission at the second hearing shows that Axtell is a village with a mean population slightly in excess of 600 persons; that it was presently served by one establishment with a retail Class C liquor license; that, while the evidence was in dispute, there were letters and testimony at both hearings to the effect that the needs of the community were being met by the present licensee and that there was no present or future necessity for an additional retail liquor establishment; that the proposed location of the appellant's business would create problems of traffic safety; and that additional law enforcement would be required in the village, the present enforcement being inadequate to meet the needs caused by a second licensee. These are matters the commission, by statute, was to consider. Numerous letters of protest to the application were received outlining the matters above referred to, and petitions of protest containing approximately 130 signatures of residents of the village were filed with the commission. As indicated, there was evidence offered contrary to the above positions and claims, but given the fact that by statute the commission was the finder of fact with broad discretion in determining whether a license should be granted, *T & N P Co., Inc. v. Nebraska Liquor Control Commission*, 189 Neb. 708, 204 N.W.2d 809 (1973), and that review in this court is limited to a determination of whether the commission's findings were supported by substantial evidence or were arbitrary or capricious, *McChesney v. City of No. Platte*, 216 Neb. 416, 343 N.W.2d 925 (1984), it cannot be fairly said that there was no substantial evidence to support the commission's findings and order or that

such action was arbitrary or capricious. We therefore find that appellant's first two assignments of error are not sustained by the record.

The third assignment of error is appellant's claim she was denied due process by not being given notice or opportunity to present evidence on issues she was required to meet. This is premised upon her claim that she had no notice the commission would consider its previous record and findings on the first application or those of the district court concerning that application, and was therefore denied an opportunity to meet these issues. The notice of hearing by the commission in the instant case advised appellant it would be held because of a citizens protest and to determine whether or not the appellant could demonstrate the license was required by present or future public convenience and necessity as required by § 53-132.

It is first noted that appellant, at the second commission hearing, concurred and agreed with the submission of the entire record of the first proceeding before the commission and of the district court proceeding concerning the same. In such circumstances appellant can hardly complain of the commission's receiving such record in evidence. Had appellant felt it improper the commission consider such record because of lack of notice or for any other reason, she should have objected to the offer of these proceedings. She did not object, but, instead, agreed to the receipt of the record in evidence, and she cannot now complain of the commission's considering the same, including a review of its previous findings and order.

Secondly, the commission, at the second hearing, gave appellant opportunity to present additional evidence and, after considering both the record of the first proceeding and the additional evidence offered at the second hearing, made its findings that no evidence had been received as would warrant it to now grant the second application. It is clear that the commission in its hearing on the second application reconsidered its findings and order in the first proceeding in light of both the record of that first proceeding as well as the new evidence received in the second proceeding, and did so in compliance with the statute.

No additional burden was placed upon appellant with

respect to her second application. It remained what it had always been. Her burden of proof was to show that the consideration of the record of the first proceeding, to which she consented, together with the additional evidence offered in the second proceeding, was sufficient to meet the burden of proof as required by statute and this court's decision in *Kerrey's, Inc. v. Neb. Liquor Control Comm.*, 213 Neb. 442, 329 N.W.2d 364 (1983). She failed a second time to meet that burden of proof. There is no merit to appellant's third assignment of error.

The order of the district court is affirmed.

AFFIRMED.