R.D.B., Inc., doing business as Trade Winds Marina,
appellee, v. Nebraska Liquor Control Commission,
appellant.
425 N.W.2d 884

Filed July 15, 1988.   No. 86-683.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellant.

Duane A. Burns, of Mayer & Burns, for appellee.

Boslaugh, White, Caporale, and Grant, JJ., and Norton, D.J.

White, J.

On January 2, 1986, the Nebraska Liquor Control Commission sent notice to R.D.B., Inc., doing business as Trade Winds Marina (Trade Winds), of an amended citation filed against Trade Winds before the commission. The amended citation charged "[t]hat the licensee did, on or about July 4, 1985, permit a minor under the age of 19 years of age, to sell or dispense alcoholic liquor, in and for said licensed premises, in violation of Section 53-180.02." The licensee entered a plea of guilty and the commission canceled Trade Winds' license.

Trade Winds moved for a rehearing pursuant to Neb. Rev. Stat. § 53-1,116(3) (Cum. Supp. 1986), which the commission granted. The commission conducted an evidentiary hearing for the purpose of determining whether revocation was the proper penalty under the circumstances. The state called three witnesses who testified primarily about incidents, unrelated to the offense charged, involving Ray Boehler, the owner of Trade Winds. It was the state's contention that Boehler's actions

showed that he was unfit to sell liquor. Boehler testified on his own behalf and called an additional witness to testify as to his character and ability to run the business. The commission again determined that Trade Winds' license should be canceled.

On June 16, 1986, Trade Winds appealed the decision to the district court for Lancaster County. See § 53-1,116(5). The case was "heard and tried" on the record of the commission. See § 53-1,116(8). The district court determined that the order of the commission was arbitrary and unreasonable and modified the order to a 60-day suspension. The commission appeals to this court.

The facts, as contained in the record of the commission, are as follows. Trade Winds Marina is located on the bank of the Sherman Reservoir, which is near Loup City, Nebraska. The marina sells groceries, bait and tackle, and beer; has a snack bar; and rents boats. There are facilities for boat storage and for overnight campers. In addition to the marina, Boehler manages a nearby trailer court with 102 trailers. Boehler has invested approximately $300,000 in the business.

On July 4, 1985, Donald Littrell, an investigator for the commission, was conducting an investigation of Trade Winds. Littrell entered the marina and purchased some food items, along with a beer. It was later determined that the clerk who sold the beer to Littrell was a minor, 18 years of age.

Other than Littrell's testimony, the state's evidence focused largely upon Boehler's drinking habits and his conduct in the course of operating the business. Witnesses testified, inter alia, that there had been other occasions when minors employed by Boehler sold beer and that Boehler had been observed in an intoxicated condition in locations around the premises. Boehler denied that his drinking has caused him problems in operating his business. Harlan Hunt, a resident of the Sherman Reservoir area since 1969, testified that he has never observed Boehler to be intoxicated and that to the best of his knowledge Boehler operates his business in a responsible manner.

In this appeal, the commission's sole assignment of error is that the district court erred in finding that, in revoking Trade Winds' retail beer license, the commission acted arbitrarily and unreasonably.

We must first address the scope and standard of review applicable in the district court and in the Supreme Court. The district court's order states that the "standard of appeal" is set forth in Neb. Rev. Stat. § 84-917(6) (Reissue 1987), a part of the Administrative Procedure Act, Neb. Rev. Stat. §§ 84-901 et seq. (Reissue 1987). Subsection 7 of § 84-917, however, provides, "The review provided by this section shall not be available in any case where other provisions of law prescribe the method of appeal." Because this case involves an order of the commission canceling appellee's beer license, § 53-1,116(5)(a) is a provision of law which "prescribe[s] the method of appeal" in this case. Therefore, under § 84-917(7), it is § 53-1,116(8) and not § 84-917(6) which governs the standard of review in the district court. See *Harrigfeld v. Nebraska Liquor Control Commission*, 203 Neb. 741, 280 N.W.2d 61 (1979) (court recognizes that an appeal from a commission order, if not governed by § 53-1,116, is governed by § 84-917).

We note here that the district court's review for appeals from the Liquor Control Commission has been the subject of some confusion in our previous cases. *McChesney v. City of No. Platte*, 216 Neb. 416, 343 N.W.2d 925 (1984), was a case where McChesney, the appellee, was initially denied a liquor license by the commission. The district court reversed, and the commission appealed to this court. We noted at 420, 343 N.W.2d at 928, that "[n]either this court nor the district court is entitled to review the record de novo . . . . Rather, on appellate review we determine only whether the findings of the commission are supported by substantial evidence or whether they were arbitrary or capricious. Neb. Rev. Stat. § 84-917 (Reissue 1981)." Because *McChesney* involved a denial of application, the appeal to the district court should have been governed by § 53-1,116(5) and not § 84-917. *McChesney* was later cited in *Richards v. Neb. Liq. Control Comm.*, 221 Neb. 542, 378 N.W.2d 667 (1985), also an application case, for the proposition that review in this court is limited to a determination of whether the commission's findings were supported by substantial evidence or were arbitrary or capricious. To the extent that these decisions improperly relied on the Administrative Procedure Act for the standard of review

which is governed by § 53-1,116, they are overruled.

Having determined that the appeal to the district court is governed by § 53-1,116, we must now determine what the scope of review is under this section. The phraseology currently utilized in § 53-1,116(8) is the result of 1984 and 1986 legislative amendments. Relevant to this discussion is the 1984 amendment. Before the 1984 amendment, § 53-1,116(8) (Reissue 1978) provided, "The appeal, provided for or referred to in . . . this section, shall be heard and tried de novo in the district court in the manner provided for the trial of suits in equity. Additional testimony may be introduced at the hearing on appeal." Subsection (8) currently provides in relevant part, "All appeals provided for or referred to in . . . this section shall be heard and tried by the court without a jury on the record of the commission." Thus, in addition to disallowing additional testimony to be adduced on appeal to the district court, the Legislature removed the language which explicitly conferred de novo review in the district court. It would appear that by removing this language, the Legislature was attempting to effectuate some type of error proceeding. As currently stated, however, § 53-1,116(8) does not indicate whether the appeal is to be heard and tried for error on the record or de novo on the record. This ambiguity necessitates reference to the legislative history.

Senator Hefner, who was among those introducing the bill, recited the statement of intent of the amendment before the Legislature as follows:

> The purpose of the third provision of this bill is to make the appeal process to district court on decisions, rules and orders of the Commission the same as most of the other state agencies. The appeals for most of the state agencies are tried on the record of the agencies. The Nebraska Liquor Control Act allows for additional, for additional testimony to be introduced in an appeal. LB 947 requires an appeal to be tried on the record of the Commission. This will result in a less complicated and therefore a less expensive appeal process. So it would mean that it would cost the state less. It would also bring us in compliance with the Administrative Appeals Act.

Floor Debate, L.B. 947, Miscellaneous Subjects Committee, 88th Leg., 2d Sess. 7123 (Jan. 24, 1984). At the committee hearing on the bill, Terry Schaaf, assistant attorney general and counsel to the Nebraska Liquor Control Commission, testified concerning the amendment: "I think what we're doing there is simply making it consistent with the Administrative Procedures Act, so that the appeals from the decisions of the Nebraska Liquor Control Commission will be the same as they are for any other administrative agency." Miscellaneous Subjects Committee Hearing, L.B. 947, 88th Leg., 2d Sess. 35 (Jan. 19, 1984).

To be consistent with § 84-917(6) of the Administrative Procedure Act, § 53-1,116(8) would have to be construed as providing review for error on the record in the district court.

Even before the 1984 amendment, this court restricted the review in district court by requiring that the commission decision be upheld unless it was "arbitrary and unreasonable." *Allen v. Nebraska Liquor Control Commission*, 179 Neb. 767, 140 N.W.2d 413 (1966); *Kerrey's, Inc. v. Neb. Liquor Control Comm.*, 213 Neb. 442, 329 N.W.2d 364 (1983). The apparent incongruity between the review announced in these cases and the review provided in § 53-1,116(8) was challenged by the plaintiff in *T & N P Co., Inc. v. Nebraska Liquor Control Commission*, 189 Neb. 708, 204 N.W.2d 809 (1973). We said that § 53-1,116 "refers to the procedure on the trial of the appeal rather than the determination of the appeal" in upholding the "arbitrary and unreasonable" standard. *Id.* at 711, 204 N.W.2d at 811.

Given the case law interpreting § 53-1,116 prior to the 1984 amendment, together with the current language used in § 53-1,116, it would be difficult to assert that the review in the district court could be anything but for error on the record. We hold that for appeals pursuant to § 53-1,116(5), the district court may not disturb the decision of the commission unless it was arbitrary and unreasonable. In this case the district court cited the wrong statute but applied the correct standard of review.

Nothing in the Nebraska Liquor Control Act, Neb. Rev. Stat. §§ 53-101 et seq. (Reissue 1984, Cum. Supp. 1986 & Supp.

1987), prescribes what the standard of review is in this court. A similar situation arose in *Zalkins Peerless Co. v. Nebraska Equal Opp. Comm.*, 217 Neb. 289, 348 N.W.2d 846 (1984), involving the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 et seq. (Reissue 1984). The act set forth the standard of review for the district court but was silent on the Supreme Court's review. In *Zalkins* we said at 291, 348 N.W.2d at 848, that "since no different statutory standard of review is provided for in the Nebraska Fair Employment Practice Act, we are bound by the provisions of Neb. Rev. Stat. § 84-918 (Reissue 1981) . . . ." The statute referred to provides that the appeal to this court "shall be heard de novo on the record." In *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985), we held that regardless of the incongruity of a true de novo review of a district court decision wherein the review was for error only, the legislative mandate of the Administrative Procedure Act must be acknowledged. Following *Zalkins* and *Haeffner*, we hold that the standard of review in this court for appeals from the Liquor Control Commission is de novo on the record.

Reviewing de novo on the record before us, we agree with the district court that the penalty imposed was too severe. Given the nature of the violation charged, together with the fact that this was the first time that Trade Winds was cited for a violation of the Liquor Control Act, it is our considered judgment that the appropriate sanction is a 60-day suspension. The order of the district court is therefore affirmed.

AFFIRMED.

BOSLAUGH, J., dissents.